PeaRSON, C. J.
 

 "When a testator sells the specific property given in a legacy, such legacy is. adeemed, for the property does not belong to him at the time of his death. When the will takes effect, there is fiothing for it to operate on, and, of course, the legacy must fail.' This is the general rule.
 

 But it is unusual for a father tó adeem, in this manner, legacies given to children and exclude them from his contemplated bounty, when there has been-'no change of circumstances ; and for this reason, the Courtis slow to adopt the conclusion that there is an ádemption, and will seek, anxiously, for some mode of explanation.
 

 In this case, the testator, after making provision for his second' wife, and his children by her, gives to his children by a former marriage “ the proceeds of the sale of his town property, or so much thereof, as is herein specified,” viz: $200 to Joel Alfred, &c., in all $905. It will be remarked there is no power given to his executrix to sell the town property, but he
 
 *188
 
 gives the proceeds of the sale of the property without reference to whether the sale is to be made by himself or by his executrix. So, if at the time the will was executed, he had contracted to sell the property, or had in contemplation a purpose to make sale of it himself, these would be apt words to give the expected “proceeds of the sale”' — supposing the will to speak as of the time of its execution. But this will being executed in 1856, comes within the operation of' the statute (act of 1844,) “Every will shall be construed with reference to the real and personal estate comprised therein, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will;” Rev. Code, ch. 119, sec 6.
 

 As
 
 thqproceeds of the sale
 
 of the property is giyen, it follows that if such a part thereof as is specified, can be traced out and identified, at the time of the death of the testator, the legacy will take effect, and there will be no ademption, or, only a partial one. The distinction between a gift of the property itself, and a gift of
 
 the value
 
 of the property, or the proceeds of the sale of property, is well settled,
 
 Pulsford
 
 v. Hunter, 3 Bro., ch. c. 416; 1 Roper on Legacies 246, where it is said “ the last class of cases to be noticed as not falling within the general rule of ademptions, is where the terms of the bequest are so comprehensive as to include, within their compass, the fund specifically bequeathed, although it has undergone considerable alteration.” He illustrates the exception by supposing the value of certain notes and cash in the hands of B, to be given to C, and afterwards the testator changes the notes and cash, by an investment into exchequer bills, bonds or mortgages, which are placed in the hands of B, the exchequer bills, bonds or mortgages will pass, because they answer the specification of the fund in the will.
 

 In our case, comprehensive words of description are used, and at the date of the deed to the plaintiff Nooe, “ the proceeds of the sale” were in the hands of the testator as a security, for which he held the note of the said Nooe, the tes
 
 *189
 
 tator at the same time received the proceeds of the sale in money, and if he afterwards invested it, and took as security the notes of other persons, it was not an ademption, because the
 
 corpus,
 
 or thing itself, was not changed, and a second or third collection and reinvestment on other securities, would not change it.
 

 It was suggested on the argument, that the concluding words of the clause of the will under consideration, viz: “all which legacies are to be chargeable on my town property aforesaid, and no other,” qualify the words used in the beginning of the clause, and make the several sums demonstrative pecuniary legacies charged on the town property, and no. other, instead of a legacy of the <! proceeds of the sale ” or so much thereof as is specified in the several sums given.
 

 These two sets of words do show a confusion of ideas, and create difficulty in the construction, but we are satisfied that there is a
 
 gift
 
 of the
 
 proceeds of the sale
 
 of the property, or the parts thereof severally specified.
 
 We
 
 are led to this conclusion, because such is the first and prominent expression, and the concluding words are merely incidental, and are added, not for the purpose of changing the gift, but to prevent it from being extended to any other part of the testator’s estate. We adopt this conclusion the more readily, because it excludes the effect of an ademption of a legacy to children, which is unnatural, unless there has been a change of circumstances, or some other provision or substitution in place of the bounty which was originally intended for them.
 

 An examination of the inventory filed by the plaintiffs, Nooe and Vannoy, who are the administrators
 
 de bonis
 
 non, shows that these notes taken, by the testator, came into their hands; one for $200 dated Nov. 25th, 1857, one for $50 dated 27th Oct. 1857, and one for $100, dated the 14th October, 1857. The dates and other circumstances tend to show that these notes were taken as securities for parts of the proceeds of sale received by the testator at the date of the deed to Nooe, i. e. 3d Oct. 1857, and to fix their identity. 'What other notes were on hand, at the death of the testator, and went
 
 *190
 
 into the hands of tlie executrix, does not appear, the inventory filed by her not being among the exhibits.
 

 These circumstances, in the opinion of the Court, lay a sufficient foundation for a reference to the master to enquire whether the proceeds of the sale of tlie town property, or any part thereof, can be traced out and identified at tlie time of the death of tlie testator. In aid of the enquiry, he may examine the plaintiffs, Nooe and Vannoy, on oath, and require the production of books and papers. The cause will stand for further directions.
 

 Pee CukiaM, Decree accordingly.