PeaesoN, C. J.
 

 The exception in respect to the note of" Pisher and others, for $2600, given to secure the price of a tract of land, sold to them by the testator, is allowed.-
 

 By a residuary clause, the testator directs “ the money on hand and the money
 
 arising from the oolleotion of my
 
 bonds,
 
 notes and accounts,
 
 be equally divided between my wife, Fanny,” &c. These words include the note of
 
 “
 
 Fisher and others,” and the question is, on what ground should this note be taken out of the express words of the residuary legacy ? The ground assigned is, that this note was given as the consideration of a tract of land, which, by the 3rd clause of the will, is devised to John B. Kerns, and which the testator, after the execution of the will, sold to “ Fisher and others,” giving his bond for title when the purchase-money was paid.
 

 We confess we are unable to see the force of this position. Suppose the testator, when he sold the land, had been satisfied with the security of the note and passed the title by making a deed to “Fisher and others,” John B. Kerns would not, most manifestly, have been entitled to the note. Because the sale of the land, devised to him, was a revocation of the devise. The fact that the testator did not see proper to make a deed to Fisher and others, but chose to retain the title as security for the payment of the note, does not, in any way, alter the case in respect to this question of revocation
 
 ;
 
 for the plain reason, that in the one case as well as in the other, he had ceased to be the owner of the land which was the subject of the devise.
 

 It is a familiar principle of equity, acted upon every day,
 
 *282
 
 i. e., by a contract to sell land, the purchaser becomes the owner and the vendor holds the title in trust for him on payment of the purchase-money; so that any appreciation of the yalue is the gain of the purchaser, and any depreciation (by burning of the buildings, &c.) is his loss. In other words, the effect of a contract of sale is to make the vendee the owner of the land, the title being retained by the vendor as a security for the purchase-money.
 

 These are well-settled principles of law, and if by their application the intention of the testator is disappointed, the Court can say it is not the fault of the law, but the neglect of the testator in not adding a codicil to set out his intention, made necessay by the alteration, in the condition of his estate, caused by his act of selling the tract of land devised to John B. Kerns; see
 
 Gillis
 
 v.
 
 Harris,
 
 decided at this term, (ante 267).
 

 Whether the purchasers of land in a bill for the specific performance on payment of their note, must call for a conveyance from the heirs-at-law of the devisor, or from the de-visee, is a question not now presented; it is certain that the title, no matter whether it has descended to the heirs-at-law, or passed under the will to the devisee, is held merely as a security for the payment of the purchase-money, and that the ownership and beneficial estate vested in the purchasers by force of the contract of sale, and the legal title is held in trust for them on payment of the purchase-money.
 

 The exception, in respect to the charge of interest, is allowed so far as there is a charge of interest for cash on hand. An executor is not expected or allowed to invest cash on hand so as to make interest, and is not chargeable for interest, unless it be proved that he has made interest. Of course, he is chargeable with interest on the sale notes from the time they fell due, as he is presumed to, have collected it on all such notes as were not promptly paid. ,
 

 Per CuriaM, The account will be reformed accordingly.