MARY P. GROGAN ET AL. v. S. A. ASHE ET AL., EXECUTORS OF
HENRIETTA MARTIN.

(Filed 18 October, 1911.)

1. Wills—Legacies—Gifts by Testators—Ademption—Intent.

> A prior legacy may be adeemed or satisfied by a payment or transfer of property to the legatee made for that purpose by the testator during his lifetime, and is largely a question of intention, upon which parol evidence is competent.

2. Evidence—Ademption.

> A testator having made a will by which he bequeathed a certain sum of money to M. for life, with certain limitations over to the children of M., went on a note of M. to the bank in order to procure a certain sum of money for the sole benefit of M., which was afterwards paid by her executors. In an action by M. to recover the legacy, the executors pleaded that their pay-

ment of the note was an ademption and satisfaction *pro tanto:* *Held,* upon the evidence, that there was no presumption of an ademption, or evidence thereof.

3. **Wills—Gifts—Expressed    Purposes—Ademption—Questions    of Law.**

When a testator has made a bequest of money to a legatee for a spcified purpose, and afterwards, during his lifetime, has admittedly made a gift to the legatee of the same amount of money and for the purpose expressed in the will, nothing else appearing to show the intent, an ademption will be decreed as a matter of law.

4. **Wills—Gifts—Ademptions—Declarations—Evidence.**

A testatrix who has made a will by which she devised a certain sum of money, expressing the purpose for which it was devised, went on a note at a bank with her devisee for the latter's sole benefit, which note was subsequently paid by her executors. In an action to recover the legacy: *Held,* the testimony of the bank officers who made the loan is competent to show the declarations of the testator made at the time of the transaction when she executed the note, which were substantially in accordance with the purpose expressed in the will.

APPEAL from *Whedbee, J.,* at April Term, 1911, of WAKE.

This action is brought to recover two legacies, one for $3,333.33 and one for $1,000, devised by defendant's testatrix to plaintiffs.

At the conclusion of the testimony it was agreed by the parties that his Honor, acting for and instead of the jury, should answer the issues made by the pleadings, and that his answers should have the force and effect as if they were answered by the jury, and no more, and should be subject to like objection, etc. His Honor, after hearing the evidence, rendered his judgment, to which both parties excepted and appealed.

This is the defendant's appeal.

*Aycock & Winston for plaintiffs.*
*R. H. Battle & Son for defendants.*

BROWN, J. It is admitted that in the second codicil of her will the testatrix devised one-third of $10,000 to "Mary Perkins Grogan for her life and after her death to her daughters who

shall then be alive, or if any be dead leaving issue, to her issue, the children taking the share of the parent."

It is admitted that the legacy has not been paid to the plaintiffs, Mrs. Grogan and her daughters.

The defendants, the executors, aver that at the time of the death of the testatrix she, said testatrix, had outstanding against her a note for $2,500 made to the Peoples National Bank of Winston, N. C., the proceeds of which note were obtained for the use of the plaintiff, Mary, and for the benefit of her separate estate, and with the consent of her said husband; and that since the death of said testatrix said note has been paid by defendants at the suit of said bank; and defendants say that it was the intention of said testatrix that said note should be paid out of the legacy made in said codicil. The plaintiffs deny that said legacy was satisfied in the testatrix's lifetime or any part thereof, but aver that said $2,500 was a gift made to the plaintiff Mary P. Grogan to aid her in building a home while her aunt, the testatrix, was on a visit to her at Winston.

The only evidence introduced was by the defendants. They proved by S. A. Ashe the payment of the $2,500 note out of the funds of the estate, and introduced the deposition of Mrs. Mary P. Grogan. The substance of her testimony is to the effect that the $2,500 was a gift and so intended by the testatrix.

Upon this evidence his Honor adjudged that the legacy had not been adeemed.

A prior legacy may be adeemed or satisfied by a payment or transfer of property to the legatee made for that purpose by the testator during his lifetime. Gardner on Wills, 567. But whether the testator intended to satisfy a legacy during life by a subsequent gift made to the legatee is largely a question of intention. And parol evidence may be received to establish the plea. 1 Roper, 409; 2 Redfield, 539; *Hopwood v. Hopwood,* 7 House Lords, 741.

In this case there is no evidence whatever that the $2,500 was intended as a satisfaction *pro tanto* of the legacy that had already been given in the will. The gift was to Mrs. Grogan,

while the legacy was to her for life only and then to her daughters. There is no evidence of any declaration of the testatrix that she so intended the gift, nor are the defendants helped by any rule of presumption.

The testatrix did not stand *in loco parentis* to Mrs. Grogan, and consequently no presumption of ademption arises.

It has been held that where a bequest is made by one standing *in loco parentis* to the beneficiary, and subsequent thereto payments are made by the testator to the beneficiary equal to or less than the legacy, such payments are *prima facie* a complete satisfaction, or a satisfaction *pro tanto*. But if the testator does not stand *in loco parentis* such payment does not, *prima facie,* have any relation to the prior legacy. Gardner says that, although criticised, this doctrine has never been denied either in English or American jurisprudence. Wills, p. 569.

We are of opinion that there is no evidence that the testatrix intended the $2,500 as a *pro tanto* satisfaction of the legacy theretofore devised in the second codicil of her will to Mrs. Grogan and her daughters.

The judgment on defendant's appeal is

Affirmed.

---

THE PLAINTIFFS' APPEAL. No. 225.

Brown, J. In item 8 of her will the testatrix devised $1,000 to Mary Perkins Grogan, for the purpose of "making her home comfortable according to her wishes." This legacy has not been paid, and defendants aver that it has been satisfied in following manner, to wit: That shortly before her death testatrix borrowed from the Mechanics Savings Bank of Raleigh, N. C., for the benefit of the plaintiff, Mary Perkins Grogan, $1,000, and made her note therefor, along with plaintiff, said Mary Grogan, and her husband, J. S. Grogan, and with his written consent, signified by his joining in said note; and that the said $1,000 was received by the husband of said Mary P. Grogan as her agent and for her use and for the benefit of her separate

estate, to wit, for the improvement of her home in Winston; and that it was the intention of said testatrix at the time of the transaction in procuring said money for Mrs. Grogan that the note given for the same should be paid out of the legacy to said Mary Perkins Grogan; that said note has been paid by defendants, and that such payment should be taken as a payment of the legacy.

The plaintiffs reply and admit that the testatrix borrowed the $1,000 as alleged by defendants, and that she paid it over to Mrs. Grogan; but they aver it was not intended by Mrs. Martin as an ademption and satisfaction of the $1,000 legacy, and they further aver that Mrs. Grogan and her husband signed the note as sureties for the testatrix.

The following evidence was introduced by defendants:

Walters Durham testifies as follows: "I am cashier in a bank in Raleigh. I knew Mrs. Martin, the deceased."

The $1,000 note is shown to witness, who states further:

"Mrs. Martin applied for a loan, and said Mr. and Mrs. Grogan were engaged in building and needed some money to complete the building; that they had applied to her for this money, and she did not have any money on hand. As they were relatives, she expected to leave them a bequest in her will, but as it appeared that they needed the money at this time she would be glad for the bank to make a loan of $1,000 on the note of Mr. and Mrs. Grogan, with herself as surety, which note if not paid before her death would be taken care of by the bequest she intended making them."

The court admitted this evidence, and plaintiffs excepted.

Mrs. Grogan admitted receiving this $1,000, but testified that it was given to her as a gift; that the testatrix signed the note as principal; that she and her husband signed it as sureties, and that the money was given to her to aid in the building of her home. Neither she nor her husband paid the note.

We are of opinion that the testimony was competent and properly admitted as the declarations of the testatrix characterizing her act at the time and manifesting her intention to satisfy the legacy already devised in her will.

Taking the testimony of Durham as a true statement of the fact, which his Honor, sitting by consent as a trier of the facts as well as of the law, did, it makes out a clear case of the ademption of the $1,000 general legacy to the plaintiff, Mrs. Grogan.

There is quite a difference between the ademption of a specific and a general legacy, depending upon very different principles. A specific legacy is held to be adeemed when the testator has collected the debts (if the legacy consisted of specific notes) or has disposed of the devised chattels or stocks in his lifetime, whatever may have been his purpose in so doing.

But when a general legacy is given of a sum of money, without regard to any especial fund set apart to pay it, the intention of the testator is of the very essence of ademption.

*Shaw, C. J.,* in *Richards v. Humphreys,* 32 Mass., 136, says: "The testator, during his life, has the absolute power of disposition or revocation. If he pay a legacy in express terms during his lifetime, although the term payment, satisfaction, release, or discharge be used, it is manifest that it will operate by way of ademption, and can operate in no other way, inasmuch as a legacy, during the life of the testator, creates no obligation upon the testator or interest in the legatee which can be the subject of payment, release, or satisfaction. If, therefore, a testator, after having made his will, containing a general bequest to a child or stranger, makes an advance, or does other acts which can be shown by express proof or reasonable presumption to have been intended by the testator as a satisfaction, discharge, or substitute for the legacy given, it shall be deemed in law to be an ademption of the legacy."

As we have shown in the opinion upon defendants' appeal in this case, all of the circumstances surrounding the case are to be considered, and parol evidence is admissible to aid in arriving at the testator's intention in making the gift or advancement. *Carmichael v. Lathrop,* 108 Mich., 473; *In re Youngerman's Estate,* 134 Ia., 488.

While declarations of the testator, made generally and at any time and place, are not generally admissible, these declarations of Mrs. Martin were made at the time she procured and advanced the money for Mrs. Grogan, and as such they are

held to be competent as against the legatee, because they characterize at the time the act of the testatrix, and are unmistakable evidence of her purpose and intention to give the $1,000 in satisfaction of the legacy. 14 Ency. of Evidence, p. 486, and cases cited; *Richards v. Humphreys, supra;* 3 Elliott on Ev., sec. 2087.

These declarations made at the time of the advancement are not the only evidence of the purpose and intent of the testatrix. They are corroborated by the similarity in amount as well as purpose between the gift and the legacy as expressed in the will. This evidence, taken together, amply justifies the final judgment of the judge, that "Mary P. Grogan is not entitled to recover the $1,000 given to her in item 8 of the will of Mrs. Henrietta P. Martin."

But assuming that the declarations of the testatrix are incompetent, and excluding them entirely from consideration, as matter of law upon the admitted facts the $1,000 legacy has been satisfied, and Mrs. Grogan, upon her own testimony, is not entitled to recover it.

It is expressly declared in the will that this legacy is given to the legatee for the purpose of making her a comfortable home. Mrs. Grogan testifies that this $1,000 (given to her by the testatrix long after the execution of the will) was given for the specific purpose of assisting her in building her home.

Ademption, as a mode of payment or satisfaction of a legacy, is sometimes decreed as matter of law upon admitted facts. Thus it is very generally held that, where a testator gives a legacy for a *particular purpose,* and afterwards gives the legatee the same sum for the *same* purpose, this is of itself an ademption of the legacy, nothing else appearing. *Monck v. Monck,* 1 Ball and B., 298; Wigram on Wills, p. 360; 1 Underhill on Wills, secs. 440-449; 2 Williams on Executors, 651-657. "When the legacy is given for a special purpose, the accomplishment thereof by the testator is also an ademption, and in this connection the rule of *ejusdem generis* is often applied." 1 Am. and Eng., p. 619, and cases cited; *Taylor v. Tolen,* 38 N. J. Eq., 97; *Pym v. Lockyer,* 5 My. and Cr., 29.

AUTRY *v.* R. R.

It was held by *Lord Chancellor Eldon,* in a leading case, that where a father, after bequeathing property to a child, gives him in the father's lifetime a portion of the same property, a total satisfaction of the legacy takes place, though the amount of the portion given is less than the legacy. *Ex parte Pye,* 18 Ves., 152. Mr. Underhill says this rule of a total satisfaction by payment of only a part never found favor in this country, and has been repudiated in England. 1 Underhill, sec. 440.

But courts and text-writers all agree that where the gift and the legacy are *eÿusdem generis,* the sum given and the purpose named being practically and substantially identical in both gift and legacy, as in this case, the legacy is adeemed and satisfied by the subsequent gift.

. The judgment of the Superior Court upon plaintiffs' appeal is
   Affirmed.

PER CURIAM. The judgment of the Superior Court directs that the legacy of $3,333.33 be paid to Mrs. Mary P. Grogan, to be held by her for her life, and after her death to her daughters who shall then be living, etc., according to the terms of the will.

When the opinion is certified down, the Superior Court will make such orders and decrees as is necessary for the preservation of the principal of the fund and the payment of the interest to Mrs. Grogan during her life.