LEWIS T. PERRY, EXECUTOR, v. ROSE E. PERRY ET AL.

(Filed 27 February, 1918.)

### 1. Wills—Devise—Ademption.

A direction by the testator that his real and personal property, not otherwise disposed of, be sold and the proceeds divided among certain living grandchildren, refers to such as may be living at the time of his death; and when he has sold, in his lifetime, a part of his realty, such sale is an ademption, and the proceeds will pass under another clause of the will particularly relating to the testator's property of this character.

### 2. Same—Consistent Clauses.

Where the testator directs the sale of his land and the proceeds to be distributed among five children, and in his own lifetime has sold a part of the land, the fact that in a subsequent item he directs that his moneys on hand, etc., shall be divided among the children of only four of these children, does not indicate that the children of one had been inadvertently omitted by him from the latter item.

### 3. Parties—Guardian Ad Litem—Representation—Supreme Court—Appointment—Statutes.

Where a construction of a will by the court is sought, and it appears that certain of the minors in interest had been served with process but inadvertently a guardian *ad litem* had not been appointed; but it appears that their rights had been thoroughly considered and determined in the Superior Court and presented on appeal, and there are no issuable facts involved, the case will not necessarily be remanded for the appointment of a guardian *ad litem* for the Supreme Court may appoint one under authority of Pell's Revisal, sec. 1545.

### 4. Wills—Interpretation—Attempt to Defeat.

A party to an action to obtain a construction of a will to ascertain the testator's intent, and who consented thereto for that purpose will not be defeated of his rights thereunder by a clause providing that an attempt to defeat the will or any item thereof shall bar a recovery of any interest in the estate.

APPEAL by plaintiff from *Whedbee, J.,* 18 December, 1917, the judgment having been rendered out of term by consent, as of Fall Term, 1917, of WARREN.

This action is to obtain a construction of the will of M. V. Perry and to obtain directions from the Court in what manner said executor shall pay up and settle the proceeds of the bonds which were obtained by said testator after the date of the will by the sale of real estate which had been specifically devised.

In his complaint the executor, Lewis T. Perry, demanded payment for the services rendered by him to the testator under his promise to reimburse the plaintiff in his will. Pursuant to such agreement, the testator devised to Lewis T. Perry a valuable house and lot in the city of Raleigh,

in addition to $1,000 worth of North Carolina 4 per cent bonds. After the execution of the will, said testator disposed of all the real property which he had devised and which was thereby adeemed and Lewis T. Perry, in this action, sought to recover for his services upon a *quantum meruit*. The value of his services so rendered was fixed by consent in this action at .$7,500, and judgment was entered therefor. By consent of all parties, the court was authorized to construe the will and to give directions to the executor in accordance therewith.

The petitioner joined as parties defendant in this action all the heirs at law of said M. V. Perry, deceased, and all the devisees and legatees named in said will and all the said defendants were duly served with summons.

The children of Lewis T. Perry, *i. e.,* Rose E. Perry, Emma M. Perry, Lewis C. Perry, and Bessie Perry, mentioned in said will were duly served with summons in said action; but, by oversight, no *guardian ad litem* was appointed for them, which oversight was not discovered till after judgment had been entered. The judge, in settling the case, finds as a fact that the petitioner in his complaint asked for a construction of the will which gave them every right and benefit possible under the same; and that upon trial the counsel for the petitioner argued orally to the court for the construction of said will which would adjudge that his children were entitled to share in the property by virtue of Clause 25 in the will, and that this clause was not superseded by the sale and omission from Clause 30 of said will, which is the proposition presented by this appeal. The court further finds as a fact that every right and defense of said infant defendants were fully presented and argued on behalf of said infants by the counsel for the petitioner, who was their father, and that their rights and defense in said action were protected in as full and ample manner as if a guardian *ad litem* had been formally appointed.

The Court held that the petitioner could recover only upon the allegation of express contract to compensate him for the services rendered, and the case was tried before the jury on this theory. At the close of the testimony for petitioner, the matters in controversy between petitioner and defendants were compromised and a judgment rendered in his favor for $7,500 and his counsel fees. After such judgment, it was agreed between the counsel for the petitioner and defendants that the real estate in Raleigh which had been devised to the petitioner by Clause 6 of the will had been adeemed, and that the only question was the construction of said will and statement of the final account by the petitioner and by consent of all parties, the court was to render judgment out of term as of Fall Term, 1917, and from the judgment so rendered the petitioner appealed.

*Winston & Matthews for plaintiff.*

*Gillam & Davenport, W. E. Daniel, W. D. Pruden, G. E. Midyette, Joseph P. Pippen for defendants.*

CLARK, C. J. This case was here, *Perry v. Perry,* 172 N. C., 62, where the facts stated can be taken as supplementary to the facts above set out. Practically, there is but one question presented for our consideration. Item 25 of the will provides: "I further direct that all my estate, both real and personal, not herein disposed of, be sold at such time and places and upon such terms and conditions as my executor may deem best. And the proceeds, together with all money he may have in hand belonging to my estate to distribute the same equally between the living children of Stark Perry, Bettie Felton, Mary Myers, Gaston Perry, and Lewis T. Perry." Item 30 is as follows: "I hereby direct my executor to take charge of all money in hand or deposit, also all North Carolina State (4 per cent) bonds and collect same as heretofore directed, and should not the money received for the said bonds be sufficient to pay all legacies, insurance, taxes, and repairs as directed to be kept paid, then, he, my said executor, is empowered and directed to draw on the general fund from time to time as it may be deemed necessary by him to defray the above mentioned expenses. The above mentioned United States bonds are also to be included in this item and subject to the same. And it is my will and desire, and I so direct, that funds of every kind and description arising from whatever source, remaining in the hands of my executor or successor, after delivering up the bequests herein named to legatees aforesaid be a general fund and I direct to be paid to the living children of Stark Perry, Bettie Felton, Mary Myers, and Gaston Perry."

In Item 30, the fund, created largely by the sale of property which in Item 25 had been devised to the children of Stark Perry, Bettie Felton, Mary Myers, Gaston Perry, and Lewis T. Perry, was directed to be paid to the living children of the same, except that the children of Lewis T. Perry, the plaintiff, are omitted in said Item 30.

The contention, as the court below found and as appears by the briefs here, is that:

1. The devise of the real estate should speak as of the date of the execution of the will, and that upon its ademption by the subsequent sale by the testator the devisees named in section 25 should take the proceeds. This, however, is contrary to the well-settled rule that a will speaks as the death of the testator. The subsequent sale of the property by him was an ademption, and in the absence of a codicil or provision providing for such contingency, the proceeds of the sale made by the testator of the realty passed into the class mentioned in section 30, which omits the children of the petitioner.

2. It is contended, in the second place, that inasmuch as the devise of the realty in section 25 is to the children of five parties named and in the bequest in section 30 of the residuary, the children of only four are named as legatees, there was an inadvertence in omitting the children of Lewis T. Perry. There is nothing in the will to indicate that this was a mistake, and there is no allegation in the complaint or answer upon which to base such finding, and if it had been the judge below would have had to instruct a jury to find to the contrary. There was no controversy of fact that required its submission as an issue to the jury.

The court having found as a fact that the four children of Lewis T. Perry had been served with summons, and that their interests had been fully represented in the oral argument by the counsel of their father (the petitioner), and that their rights had been fully considered, there is no ground on which to remand the case to a jury for a finding upon that issue. Their interests were fully discussed orally by counsel below, as the judge finds as a fact and also in the briefs filed in this Court. This Court appointed Joseph L. Seawell, the clerk of this Court, as guardian *ad litem* of said children of the petitioners, Rose E. Perry, Emma M. Perry, Lewis C. Perry, and Bessie Perry, who has adopted the brief filed in this cause by the petitioners, which sets out fully their contentions, and upon consideration of the argument, we affirm the judgment of *Judge Whedbee.*

Revisal, 1545, provides: "The Supreme Court shall have power to amend any process, pleading, or proceeding, either in form or substance, for the purpose of furthering justice, on such terms as shall be deemed just at any time before final judgment. Also, to amend by making proper parties to any case where the court may deem it necessary and proper for the purposes of justice and on such terms as the court may prescribe; and also, whenever it shall appear necessary for the purpose of justice to allow and direct the taking of further testimony in any cases which may be pending in said court under such rules as may be prescribed, or the court may remand the case to the intent that the amendments may be made, further testimony taken or other proceedings had in the court below."

It has been repeatedly held that the Supreme Court may amend as fully as the Superior Court could do, and in the same instances. *Robeson v. Hodges,* 105 N. C., 50, and other cases cited under section 1545 in Pell's Revisal. The power to make parties here includes the power to appoint a *guardian ad litem.*

The Court would take the alternative of remanding the case for appointment of a guardian *ad litem* but for the fact that the judge finds as a fact that the children of the petitioner had been served with sum-

mons and their interests had been represented by the arguments of the counsel for their father, the petitioner, and the absence of anything in the will or in the pleadings or proof that their names had been omitted in section 30 by mistake. Their cause has also been fully presented by the briefs filed here. The judge not only had the same argument below, but in his judgment passed upon the contention made in their behalf. It would be a vain and useless act, therefore, to remand the cause. The provision in item 28 of the will that any person who should attempt to defeat in any particular the will, or any item thereof, should be barred of recovery of any interest in the estate has no application, for these defendants have not so attempted, but are simply concurring in the request of the petitioner for the construction by the Court of the will as written in view of the ademption of the legacies of realty, under the principles laid down in *Balsley v. Balsley,* 116 N. C., 472.

Affirmed.