This is a controversy submitted without action under the provisions of Article 25 of the Consolidated Statutes.
The facts upon which the solution of the controversy depends as gleaned from the agreed case are: (1) Albert Hill died in 1936 leaving a last will and testament, the parts thereof pertinent to this appeal reading: "After payment of my debts, I dispose of my estate as follows: *Page 409 
Item I. I bequeath to Dan Colie one mule named `Emma' and $300.00 in cash. Item II. I bequeath to Ruth Colie all my household furniture and tangible property in, around and about or used in connection with my residence and farm except as under Item I. Item III. I bequeath to Ruth Colie all my land and real property, the same to be hers her natural life and then to go to her children"; (2) the mule referred to in Item I of the will died prior to the death of the testator; (3) on the date of the execution of the will, namely, 10 July, 1926, the testator was the owner of a farm upon which he then resided; (4) during the year 1929 the testator conveyed said farm to George Sutton and thereafter acquired no other land and established no other residence, and owned no land at the time of his death, but did own an automobile acquired after the sale of his farm, certain deposits in the United States Post Office in Kinston, and other personal property; (5) Albert Hill left surviving him no wife nor child, nor issue of any child, and his heirs at law and next of kin are his collateral kin, being, with his executor, the plaintiffs and defendants in this controversy.
It is the contention of the plaintiffs that Dan Colie takes $300.00 in cash under the will of Albert Hill, and that the residue of the estate of Albert Hill, after the payment of his debts, the $300.00 legacy to Dan Colie, and the costs of administration, should be distributed to his next of kin according to the statutes of distribution. It is the contention of the defendants that after the payment of the debts of Albert Hill, the legacy of $300.00 in cash to Dan Colie, and the costs of administration, the residue of the estate of the testator should be paid to Ruth Colie. His Honor adopted the contention of the plaintiffs and entered judgment accordingly, to which the defendants excepted and appealed, assigning error.
Any legacy to Ruth Colie was defeated by the sale by the testator of the farm on which he lived and his abandonment of it as his residence prior to his death, and his failure to establish any other residence, in which "household furniture and tangible property in, around and about or used in connection" therewith could exist. Any devise to Ruth Colie was defeated by the sale by the testator of all of his land prior to his death.
The only valid legacy in the will being that of $300.00 in cash to Dan Colie, and there being no residuary clause in the will, his Honor was correct in adjudging that as to the remaining personal property of *Page 410 
his estate Albert Hill died intestate and that the residue after the payment of his debts, the $300.00 in cash to Dan Colie, and the costs of administration, should be distributed to the next of kin of Albert Hill according to the statutes of distribution.
The judgment of the Superior Court is
Affirmed.