O. S. GREEN, BESSIE GREEN, FRANK HOPKINS, HAROLD HOPKINS, BLANCHE ROBERSON, ANNIE BELL TYRE, HENRY L. HOPKINS, BENJAMIN HOPKINS, BUCK E. ROGERSON, FRED ROGERSON, ELMER ROGERSON, SLADE ROGERSON, ANNIE ROGERS, MARY EMMA MARTIN, EASTER MIZELLE, COTTIE HODGES, MRS. MYRTEN W. CHERRY, JESSE R. WOOLARD, SAM F. WOOLARD, ADDIE RUSS, GLYNN T. WOOLARD, MAURICE H. WOOLARD, DOROTHY WOOLARD ELKS, THURSTON D. WOOLARD, LUCILLE WARE, NINA WHEELER, GERALDINE WOOLARD, GŒTHE WOOLARD, JR., AND ROSA MAE ROGERSON, A NON COMPOS MENTIS, APPEARING BY HER NEXT FRIEND, EDGAR J. GURGANUS; VIRGINIA GREEN, KENNETH G. GREEN, ISAAC GREEN, MADORA GREEN PRICHARD, AND LILLIAN GREEN TOLSON, v. N. C. GREEN AND WIFE, SYLVIA GREEN; LUCY MOBLEY AND HUSBAND, C. R. MOBLEY; JOHN W. GREEN AND WIFE, CHARLIE GREEN; H. C. GREEN AND WIFE, MRS. H. C. GREEN; WOLGA BLAND AND WIFE, MRS. WOLGA BLAND; HECTOR BLAND AND WIFE, MRS. HECTOR BLAND; EVA RHODES GETTIER AND HUSBAND, PAUL GETTIER; OTTIE RHODES ANDERSON AND HUSBAND, J. T. ANDERSON; CHAS. P. WINTON, JAMES G. WINTON, MARGARET WINTON, MARION E. WINTON, WILLIE EDWARD WINTON, THE LAST TWO BEING MINORS, AND N. C. GREEN, EXECUTOR OF THE ESTATE OF THE LATE J. E. GREEN.

(Filed 12 April, 1950.)

1. **Wills § 42½—**

The principle of ademption of specific legacies obtains in this State as a rule of law, and applies where the subject of a specific legacy has been withdrawn, disposed of, or has ceased to exist in the lifetime of testator.

2. **Same—**

The will bequeathed specified mortgage notes to named beneficiaries. A number of years prior to his death testator foreclosed the mortgages and purchased the land at the sale. *Held:* The legacies of the mortgage notes adeemed, and the beneficiaries were not entitled to the land.

APPEAL by petitioners from *Hatch, Special Judge,* November Term, 1949, of PITT. Reversed.

Petitioners alleged that as heirs of James E. Green they were tenants in common with defendants in five undevised tracts of land of which James E. Green died seized. The lands are described in the petition, and are herein referred to as follows: 1st tract containing 50¼ acres, C. L. Tripp land; 2nd tract containing 75 acres, L. G. Mills land; 3rd tract containing 122 acres, other L. G. Mills land; 4th tract containing 39 acres, C. P. Little land; 5th tract containing 16½ acres, R. W. Dail land.

Defendant N. Cortez Green pleaded sole seizin as to tracts 1, 2 and 3, and the other answering defendants pleaded sole seizin as to tracts 4 and 5. Defendants claim under the following provisions of the will of James E. Green: "Second . . . Also I bequeath to said N. Cortez Green

the following mortgage notes held by me against the following persons, L. G. Mills, H. J. Jolly, T. E. Cannon, A. D. McLawhorn, M. G. Tucker and C. L. Tripp. Third. The balance of my mortgage notes I bequeath to Mrs. Charlie Green Mobley, of Williamston, N. C., Mrs. Ottie Green Rhodes, of Fernandina, Fla., Wolga Bland, of Portsmouth, Va., and Hector Bland, of Worchester, Mass., equally to share and share alike."

The will of James E. Green was executed 6 February, 1932, and he died 29 June, 1948. Between these dates all of the mortgage notes referred to in paragraph 2 of the will were paid, except the Tripp and Mills notes. In 1933 the mortgages securing these notes were foreclosed and title to the lands mortgaged, and herein referred to as the Tripp and Mills tracts, was acquired by James E. Green. Likewise, the mortgage notes referred to in paragraph 3 of the will were all paid during the life of James E. Green except the Little and Dail notes. These were foreclosed and title to the lands mortgaged and referred to as Little and Dail tracts was acquired by James E. Green as result of such foreclosure.

Defendants claim title to the lands which were acquired by the testator by foreclosure of the mortgages securing the notes which had been bequeathed to them.

Petitioners claim that, by reason of the foreclosures, the notes described in the will had legally ceased to exist long before the death of the testator, and that the legacies were adeemed, and that hence the lands were undevised real property descending under the canons of descent to all the heirs of James E. Green.

It was admitted that after the execution of his will James E. Green purchased another tract of 4 acres, and that this passed to his heirs as undevised real property. This sixth tract has no relation to the question here litigated.

Jury trial was waived, and the court, after finding the facts in detail, held that the bequests to the defendants were not adeemed by the subsequent sales under foreclosure and purchase by James E. Green, and adjudged that N. Cortez Green was owner of tracts 1, 2, and 3, and the other named defendants were owners of tracts 4 and 5 in the proportions set out in the answers, and that the 4-acre tract be sold for partition. Petitioners excepted and appealed.

*Chas. H. Manning for plaintiffs, appellants.*
*R. L. Coburn for defendant N. Cortez Green, appellee.*
*Peel & Peel for other defendants, appellees.*

DEVIN, J. The question presented for decision is whether the bequests to the defendants designated in the will as mortgage notes were adeemed by the subsequent foreclosure of the mortgages securing the notes and

purchase of the mortgaged lands by the testator, or whether the legatees are entitled under the will to the lands thus acquired by the testator.

The principle of ademption is firmly imbedded in the law of wills, and is recognized in this jurisdiction as applicable to specific legacies as a rule of law rather than of particular intent on the part of the testator. *Grogan v. Ashe,* 156 N.C. 286 (291), 72 S.E. 372; Page on Wills, sec. 1527. It applies to defeat a bequest where the subject of a specific legacy has been withdrawn, disposed of, or has ceased to exist during the lifetime of the testator. *Anthony v. Smith,* 45 N.C. 188; *Starbuck v. Starbuck,* 93 N.C. 183; *Tyer v. Meadows,* 215 N.C. 733, 3 S.E. 2d 264. In the language of *Justice Brown* in *Rue v. Connell,* 148 N.C. 302, 62 S.E. 306, "It denotes the act by which a specific legacy has become inoperative on account of the testator's having parted with the subject of it." Said *Chief Justice Pearson* in *Chambers v. Kerns,* 59 N.C. 280, "These are well settled principles of law, and if by their application the intention of the testator is disappointed, the Court can say it is not the fault of the law, but the neglect of the testator in not adding a codicil to set out his intention, made necessary by the alteration in the condition of his estate, caused by his act." In the language of *Justice Brogden* in *King v. Sellers,* 194 N.C. 533, 140 S.E. 91, "the test of ademption is such a change in the subject matter of the legacy as to destroy its identity."

While most of the cases on this subject which have been considered by this Court relate to the ademption of devises of land by subsequently executed conveyances by the testator, the same rules must be held equally to apply where notes receivable described in the will are paid, or rendered inoperative, or discharged by foreclosure of the security, and real property acquired by the testator indirectly as result of such foreclosure.

This is illustrated by the case of *Chambers v. Kerns,* 59 N.C. 280, where, subsequent to the execution of the will specifically devising land, the testator agreed to sell the land and executed bond for title in consideration of a note for the purchase money. After the death of the testator the note was paid, and the question arose whether the money should be paid to the devisee or the testator's executor. It was held the devise had been defeated, for the reason that at the time of his death the testator "had ceased to be the owner of the land which was the subject of the devise." We note a similar ruling in *Perry v. Perry,* 175 N.C. 141, 95 S.E. 98, where the testator directed his executor to sell his real property and distribute the proceeds to certain named legatees, but later in his lifetime testator sold the land. It was held by this Court that the legacies were adeemed, and the provision for the legatees defeated.

A somewhat different result was reached in *Nooe v. Vannoy,* 59 N.C. 185, where the testator devised "the proceeds of the sale" of certain land which he had contracted to sell. Though the testator completed the sale

in his lifetime, it was held the legacy "in the proceeds" was not defeated. To the same effect was the holding in *Rue v. Connell,* 148 N.C. 302, 62 S.E. 306, where the devise was of "all and every right, title and interest in" certain land. At the time of the execution of the will the extent of testator's interest had been in litigation. Subsequent to his death by court decree his title to the land was lost but the successful litigant was required to pay a certain sum, which it was held should go to the devisee. Those cases and others of similar import illustrate the modification of the rule where the language of the devise is sufficiently comprehensive to prevent the application of the principle of ademption. In *Hill v. Colie,* 214 N.C. 408, 199 S.E. 381, a legacy of the household and tangible property in and about testator's residence and farm was defeated by the subsequent conveyance of the land by the testator.

The principle of the ademption of a legacy by subsequent conveyance or material alteration in the character of the subject of the legacy has been generally upheld in other jurisdictions, and applied to a change from mortgage notes to absolute ownership of the property mortgaged. In 65 A.L.R. 640 (note) the majority rule is stated as follows: "In a majority of cases it is held that a change from interest by way of security to an absolute ownership of property adeems a legacy." And in 57 A.J. 1093, it is stated "in a majority of the cases involving the point, the view is taken that a bequest of personal property or of notes and mortgages is adeemed to the extent of any mortgage with respect to which the testator has acquired the absolute ownership of the real estate mortgaged. In a few instances a different result has been necessitated by the language of the will involved or the peculiar facts and circumstances shown." See also 59 C.J. 1013.

The following cases may be cited as supporting the view that the disposition of the mortgage notes by foreclosure by the testator constitutes ademption. *In re Behre's Estate,* 130 Wash. 458; *Franck v. Franck,* 24 Ky. L. Rep. 1790, 72 S.W. 275; *Tolman v. Tolman,* 85 Me. 317; *In re Keller's Estate,* 225 Iowa 1349, 282 N.W. 362; *Willoughby v. Watson,* 114 Kan. 82; *Alexander v. House,* 133 Conn. 725; *Reynolds v. Reynolds,* 187 Ky. 324; *Lewis v. Thompson,* 142 Ohio St. 338; *Blaisdell v. Coe,* 83 N.H. 67; *Lenzen v. Miller,* 309 Ill. App. 617; *In re Hilpert's Estate,* 300 N.Y.S. 886; Page on Wills, secs. 1521.

In a California case, cited by defendants, *In re McLaughlin,* 275 Pac. 874, where the devise was "all my interest in that certain mortgage," it was held the devise was not adeemed by subsequent conveyance of the mortgaged land to the testatrix in satisfaction of the debt. A similar result was declared in *Van Wagenan v. Brown,* 26 N.J.L. 196, in view of the peculiar language of the will. *Van Wagenan v. Baldwin,* 7 N.J. Ed. 211. See also *Succession of Shaffer,* 50 La. Ann. 601, 23 So. 639

(other notes substituted for those bequeathed) ; *Bills v. Putnam,* 64 N.H. 554 (decided on phraseology of the will) ; *Eddington v. Turner,* 38 A. 2d 738, 155 A.L.R. 562.

It may be noted here the testator, after making bequest of mortgage notes in his will executed in 1932, proceeded in 1933 to foreclose the mortgages securing the unpaid notes and obtained title to the mortgaged lands as result of such foreclosure. Notwithstanding this substantial change in the character and form of the subjects of his bequest, he made no change in his will, though he lived some fifteen years thereafter. If it be thought the testator intended the legatees should have land in substitution for notes, the disappointment is due to his failure to effectuate his intention.

After careful consideration of the facts found by the court below, we reach the conclusion that the character of the bequests contained in the second and third paragraphs of the will had been, by the act of the testator, materially changed and their identity destroyed, so that at the time of his death these subjects of his bounty were no longer in existence. Hence the undevised lands of which James E. Green died seized descended to his heirs at law.

The judgment is vacated and the cause remanded for appropriate proceedings in accordance with this opinion.

Reversed.