JOHN S. MORRISON, ADMINISTRATOR C.T.A. OF THE ESTATE OF BYRAN O. GRANDY, PLAINTIFF v. MELVIN GRANDY, ARLENE GRANDY, FRANKLIN GRANDY, BETTY GRANDY LYNN, CHARLES GRANDY, PAUL GRANDY, MARGARET NICHOLSON, CLINTON GRANDY, CAROLINE JO WALLACE, PATRICIA DAVIS AND MARY GRANDY SCHWARGA, DEFENDANTS

No. 931SC433

(Filed 7 June 1994)

## Wills § 165 (NCI4th)— executory agreement to sell real estate—devise of property not adeemed

A devise of property in testator's will did not adeem because of an agreement by the testator to sell the property since, at the time of testator's death, he retained legal title to the real estate;

following his death that legal title passed to the devisees, two of his children, subject to the executory agreement; and when the purchaser withdrew from the agreement, the devisees acquired complete title to the real estate. N.C.G.S. § 31-41.

**Am Jur 2d, Wills §§ 1701 et seq.**

Appeal by defendant, Melvin Grandy, from judgment entered 25 January 1993 by Judge Thomas S. Watts in Currituck County Superior Court. Heard in the Court of Appeals 8 February 1994.

Bryan O. Grandy (testator) died testate on 18 September 1989. Item VII of testator's will devised all real property to his son, Melvin Grandy, for life, then to his daughter, Arlene, in fee simple absolute at the expiration of Melvin's life estate. At the time of his death, testator owned real property in Currituck County.

After he executed the will, testator entered into a valid purchase and sale agreement (agreement) to sell the Currituck County property for $160,000.00. Closing was scheduled for 1 December 1989. Following testator's death, several months before closing, the Administrator determined, in light of the agreement, that the devise in Item VII had adeemed and proceeds of the sale would pass under Item VI, not Item VII, of the will. Item VI called for a distribution of all personal property between six of testator's eleven children.

Prior to closing, however, the purchaser validly withdrew his offer and the devise remained in the estate. The Administrator then determined that the devise was no longer adeemed and would now pass under Item VII. Melvin and Arlene Grandy, beneficiaries under Item VII, agreed. Testator's other children, beneficiaries under Item VI, disagreed. The Administrator filed this declaratory judgment action for a determination of whether (1) the property had adeemed, and (2) if so, the property should be sold and the proceeds distributed under Item VI.

The trial court concluded that (1) testator, and thus his estate, was bound by a valid agreement to sell the real property at the time of his death, (2) the existence of the contract converted the real estate to personal property to the estate and real property to the buyer, (3) at the time of his death, testator had placed the real property out of his control so that it did not pass under Item VII, and (4) the acts of others, occurring some time after testator's death, cannot

MORRISON v. GRANDY

[115 N.C. App. 170 (1994)]

reverse the prior ademption. Thus, the trial court concluded that the real property should be sold and divided per Item VI of the will.

*John J. Flora, III, for defendant appellant Melvin Grandy.*

*Aycock, Spence & Butler, by W. Mark Spence, for defendant appellee Charles Grandy.*

*D. Keith Teague, P.A., by D. Keith Teague (withdrew after filing brief), for defendant appellee Franklin Grandy.*

ARNOLD, Chief Judge.

The question here presented is whether the devise in Item VII adeemed because of the agreement to sell. The answer is no, ademption simply does not apply. Legal fiction should not be considered when there are relevant statutes, such as N.C. Gen. Stat. § 31-41 (1984), which apply. G.S. § 31-41 states "[e]very will shall be construed . . . to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will."

At the time of the testator's death, he retained legal title to the real estate. Following his death, that legal title passed to the devisees, Melvin and Arlene Grandy, per Item VII of the will, subject, of course, to the executory agreement. When the purchaser withdrew from the agreement, the devisees named in Item VII acquired complete title to the real estate.

The order of the trial court concluding that the devise adeemed is

Reversed.

Judges WYNN and MARTIN concur.