CHARLES A. STANFORD; DONALD M. STANFORD, JR.; JAMES C. STANFORD; RANDOLPH L. STANFORD; CANDACE STANFORD ROBERTS; LESLEY STANFORD; AND ROBIN STANFORD MULKEY, PLAINTIFFS v. OLIVER JOHNSON PARIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES WHITSON STANFORD, JR. (90-E-255, ORANGE COUNTY); OLIVER JOHNSON PARIS, INDIVIDUALLY; AND JEAN S. MANN, AND SPOUSE, EDWARD N. MANN, JR., LEVEL I DEFENDANTS, STANFORD PLACE LIMITED PARTNERSHIP, A NORTH CAROLINA LIMITED PARTNERSHIP, (OLIVER JOHNSON PARIS, GENERAL PARTNER); OLIVER JOHNSON PARIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF JANE S. PARIS (00-E-1010, MECKLENBURG COUNTY); JANE S. PARIS FAMILY TRUST (OLIVER JOHNSON PARIS, TRUSTEE); EDWARD N. MANN, III, AND SPOUSE, LINDSAY W. MANN; ORANGE WATER AND SEWER AUTHORITY; MARGARET M. PLESS; JENNIFER MANN HAWLEY, AND SPOUSE, LEON L. HAWLEY, JR.; AND CHARLES S. MANN, AND SPOUSE, LORI A. MANN, LEVEL II DEFENDANTS

No. COA09-19

(Filed 4 January 2011)

### 1. Wills— personal property—stock—no ademption

The trial court did not err by dismissing plaintiffs' complaint in a wills action because plaintiffs did not allege facts sufficient to establish that they had a legal right to testator's interest in the Redfields partnership. Testator's gift of his Redfields, Inc. stock remained in testator's estate *in specie* as personal property at the time of his death and, therefore, did not adeem upon the dissolution and termination of Redfields, Inc.

### 2. Appeal and Error— preservation of issues—no legal argument—assignment of error abandoned

Plaintiffs' argument that the trial court erred by omitting testator's checking account from the list of assets it determined should pass under the laws of intestacy was deemed abandoned where plaintiffs provided no legal argument in their brief in support of the assignment of error.

### 3. Appeal and Error— claims not before trial court—appellate issues not addressed

The trial court declined to address plaintiffs' remaining arguments in a wills case where the claims were neither alleged in plaintiffs' complaint nor considered nor determined by the trial court.

On remand from the North Carolina Supreme Court by Opinion filed 27 August 2010 with instructions to consider the merits of appeal by plaintiffs from judgment entered 18 July 2008 and from

orders entered 16 February 2007, 20 February 2007, 15 November 2007, and 19 March 2008 by Judge Carl R. Fox in Orange County Superior Court.

*Donald M. Stanford, Jr., pro se, and for plaintiffs-appellants.*

*Horack, Talley, Pharr & Lowndes, P.A., by Zipporah Basile Edwards and Robert B. McNeill, for defendants-appellees Oliver Johnson Paris, Individually and as Personal Representative of the Estates of Charles Whitson Sanford, Jr. and Jane S. Paris, Stanford Place Limited Partnership (Oliver Johnson Paris, General Partner), and Jane S. Paris Family Trust (Oliver Johnson Paris, Trustee).*

*Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr., for defendants-appellees Edward N. Mann, III and spouse, Lindsay W. Mann.*

*Burns, Day & Presnell, P.A., by Lacy M. Presnell, III and James J. Mills, for defendants-appellees Jean S. Mann and spouse, Edward N. Mann, Jr., Jennifer Mann Hawley and spouse, Leon L. Hawley, Jr., and Charles S. Mann and spouse, Lori A. Mann.*

*Boxley, Bolton, Garber & Haywood, L.L.P., by Kenneth C. Haywood, and Horack, Talley, Pharr & Lowndes, P.A., by Robert B. McNeill and Zipporah Basile Edwards, for defendant-appellee Margaret M. Pless.*

*Epting & Hackney, by Robert Epting and Ellen B. Scouten, for defendant-appellee Orange Water and Sewer Authority.*

MARTIN, Chief Judge.

Our recitation of the facts is limited to those events deemed relevant to the issues before us on appeal. Details regarding the later procedural history of this appeal are recounted in *Stanford v. Paris*, 364 N.C. 306, 308-11, —— S.E.2d ——, —— (2011). This action concerns the distribution of property from the estate of Charles Whitson Stanford, Jr. ("testator"), who died 19 May 1990, leaving a signed, holographic will dated 24 October 1970. In his will, testator, who never married and had no children, devised "[a]ll stocks, bonds, and real estate, savings account and E Bonds, wheresoever situate," including "all stock in Redfields, Inc. left to [him] by [his] father" to his sisters, Jean Stanford Mann and Jane Stanford Paris. Plaintiffs are the children of testator's brothers, Donald M. Stanford and William G. Stanford.

STANFORD v. PARIS

[209 N.C. App. 173 (2011)]

Testator's brother, William Stanford, predeceased testator on 3 October 1987, and testator's brother, Donald Stanford, died on 5 May 1970, almost six months prior to the making of testator's holographic will.

Redfields, Inc. was a closely-held North Carolina corporation "engaged in general real estate business." On 26 August 1975, five years after testator made his will, the five shareholders of Redfields, Inc.—testator, testator's sisters Jane Stanford Paris and Jean Stanford Mann, testator's brother William Stanford, and the widow of testator's brother Donald Stanford—dissolved the corporation Redfields, Inc. and formed the partnership "Redfields" "[t]o carry on the business formally [sic] conducted by Redfields, Inc." Plaintiffs alleged that, "pursuant to the winding up of its corporate affairs," Redfields, Inc. conveyed "various tracts including property that is the subject of the present case" by general warranty deed to the Redfields partnership.

Upon the termination of the Redfields partnership in 1994 following the deaths of testator and testator's brother William Stanford, the property that had been conveyed from Redfields, Inc. to the Redfields partnership was distributed. The record shows that testator's sister Jane Stanford Paris, with her husband Oliver Johnson Paris, and testator's sister Jean Stanford Mann, with her husband Edward N. Mann, Jr., were among the grantees to whom the properties were conveyed by the Redfields partnership. Plaintiffs allege that, upon Redfields' liquidation, testator's sisters received a total of 60% of the Redfields partnership's property holdings—20% each from the sisters' own partnership interests in Redfields, and 10% each from the division of testator's 20% partnership interest in Redfields.

On 13 October 2006 and 9 November 2006, respectively, plaintiffs filed a Complaint for Declaratory Judgment and an Amendment to Complaint in Orange County Superior Court. Oliver Johnson Paris, both individually and as personal representative of testator's estate, and testator's sister Jean Stanford Mann and her husband Edward N. Mann, Jr. were named as "Level I" defendants, who were alleged to be "direct recipients" of property from testator's estate that had been held by the Redfields partnership. The named "Level II" defendants were those individuals and entities alleged to be "subsequent transferees of a portion" of this same property who each have "a current interest in said property." In their complaint, plaintiffs alleged that "[t]his is an action at law for declaratory judgment . . . as well as an action in equity for appropriate relief[, and] . . . is also an action to

quiet title." Plaintiffs asserted they "initiate[d] this action to determine the rights and responsibilities of the parties," and to "ask the Court to answer the following:"

A.  Should some portion of the estate of Charles W. Stanford, Jr. have been distributed according to the North Carolina Intestate Succession Act?

B.  If so, what property should have been distributed and to whom?

C.  If so, is there additional injury, and are additional damages due?

D.  If so, who bears the responsibility for the incorrect distribution and why?

E.  If so, should Defendant O.J. Paris be removed as the personal representative of the estate of Charles W. Stanford, Jr.; and should a new personal representative be appointed?

G.[1]  If so, what remedies ought to [sic] employed to accomplish the foregoing?

Each Level I and Level II defendant filed motions to dismiss plaintiffs' complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6). On 16 February 2007 and 20 February 2007, the trial court entered orders granting all Level I and Level II defendants' motions to dismiss all claims, except those made against Level I defendant Oliver Johnson Paris—individually and as personal representative of testator's estate—which were not related to the ownership of real property. Plaintiffs' request for summary judgment as to all remaining claims was granted in part on 15 November 2007 with respect to two undevised assets—a 1984 Buick LaSabre and $2,457.19 received by testator's estate from North Carolina's Unclaimed Property Program—which were ordered to be distributed according to North Carolina laws of intestate succession. In this same order, the trial court granted summary judgment in favor of defendant Oliver Johnson Paris with respect to testator's interest in the Redfields partnership, based on the court's determination that testator's devise of Redfields, Inc. stock "did not adeem." Plaintiffs filed a motion seeking relief from this order, which was denied on 19 March 2008.

---

1. Plaintiffs did not include a question "F" in their 13 October 2006 Complaint.

On 18 July 2008, the trial court entered a Partial Judgment By Consent in which it determined that the parties agreed "to settle any claims related to [the 'improper distribution' of the 1984 Buick LaSabre and the $2,457.19] for a payment of $7,000.00," and provided that, "[p]ursuant to Rule 54 of the Rules of Civil Procedure, entry of this judgment resolves all remaining issues before the Court with respect to this action and thus constitutes the final judgment in this matter." Plaintiffs filed their Notice of Appeal to this Court on 15 August 2008 from the trial court's 18 July 2008 Partial Judgment by Consent, as well as from the court's 16 February 2007 and 20 February 2007 Rule 12(b)(6) orders, the 15 November 2007 partial summary judgment order, and the court's 19 March 2008 order denying plaintiffs' Rule 60 motion.

---

[1] Plaintiffs first contend testator's devise to his sisters Jean Stanford Mann and Jane Stanford Paris of "all stock in Redfields, Inc. left to [him] by [his] father, Charles W. Stanford, Sr." adeemed upon the 1975 dissolution, winding up, and termination of Redfields, Inc., and argue that testator's interest in the later-formed Redfields partnership should not have passed to testator's sisters Jean Stanford Mann and Jane Stanford Paris alone, to the exclusion of plaintiffs. We disagree.

"The principle of ademption is firmly imbedded in the law of wills, and is recognized in this jurisdiction as applicable to specific legacies as a rule of law rather than of particular intent on the part of the testator." *Green v. Green*, 231 N.C. 707, 709, 58 S.E.2d 722, 723 (1950); *see also Shepard v. Bryan*, 195 N.C. 822, 828, 143 S.E. 835, 838 (1928) ("A specific legacy is the bequest of a particular thing or money specified and distinguished from all of the same kind, as of a horse, a piece of plate, money in a purse, stock in the public funds, a security for money, which would immediately vest with the assent of the executor."). "An ademption is, quite simply, the extinguishment of a testamentary gift." *Tighe v. Michal*, 41 N.C. App. 15, 18, 254 S.E.2d 538, 541 (1979); *see also Green*, 231 N.C. at 709, 58 S.E.2d at 724 ("'[Ademption] denotes the act by which a specific legacy has become inoperative on account of the testator's having parted with the subject of it.'" (quoting *Rue v. Connell*, 148 N.C. 302, 304, 62 S.E. 306, 307 (1908))). Specific legacies are said to "be adeemed when in the lifetime of the testator the particular thing bequeathed is lost, destroyed, or disposed of, or it is changed in substance or form, so that it does not remain at the time the will goes into effect *in specie*, to pass to the legatees." *Starbuck v. Starbuck*, 93 N.C. 183, 185 (1885);

*Tighe*, 41 N.C. App. at 22, 254 S.E.2d at 543 ("[I]f the subject matter of any specific testamentary gift was not found *in specie* in [a testator's] estate at the time of [his or] her death, that gift would ordinarily be defeated as a matter of law by the principle of ademption."). Thus, in the present case, we must determine whether testator's bequest of Redfields, Inc. stock remained *in specie* in his estate at the time of testator's death.

Redfields, Inc. was a North Carolina corporation "engaged in general real estate business." According to plaintiffs, between 1968 and 1969, testator's father conveyed various tracts of land to Redfields, Inc. Testator's father died testate in May 1970. In his will, testator's father left testator and testator's four siblings all of his stock in Redfields, Inc. Testator's brother Donald Stanford, who died testate a few days after his father, left all of his real and personal property to his wife Patricia. Thus, in 1975, all outstanding shares of Redfields, Inc. were equally distributed among and held by testator, testator's sisters Jean Stanford Mann and Jane Stanford Paris, testator's brother William Stanford, and the widow of testator's brother Donald Stanford—each of whom owned 100 shares of Redfields, Inc.

According to plaintiffs' allegations, in August 1975, Redfields, Inc. filed its Articles of Dissolution "pursuant to the written consent of all of the shareholders." Later that month, those same shareholders formed the partnership "Redfields" "[t]o carry on the business formally [sic] conducted by Redfields, Inc." Just as the shares of Redfields, Inc. were evenly divided among its five shareholders, these same persons held a one-fifth interest in the net profits and losses of the Redfields partnership and had "equal rights in the management of the [Redfields] partnership business." Further, according to the Redfields' partnership agreement, "all the shareholders [of Redfields, Inc.] desire[d] to form a Partnership to carry on the business heretofore conducted by the corporation and . . . agreed to surrender all their respected [sic] shares to the corporation in consideration for the receipt as partners of the net assets of the corporation." Moreover, the partnership agreement provided that "[t]he capital of the partnership *shall consist of all the assets of Redfields, Inc.*, distributed in kind upon its liquidation." (Emphasis added.) Thus, after making his 1970 will, testator, with his brother, sisters, and brother's widow, transferred all of Redfields, Inc.'s assets—consisting of those properties originally acquired by testator's father that are at issue in the present case—to the Redfields partnership, which was formed for the express purpose of "carry[ing] on the business formally [sic] conducted by Redfields, Inc."

Based on these circumstances, we do not agree with plaintiffs that testator's bequest of stock in Redfields, Inc. was sufficiently "changed in substance or form, so that it d[id] not remain at the time the will [went] into effect *in specie*." *See Starbuck*, 93 N.C. at 185. Rather, we conclude that testator's gift of his Redfields, Inc. stock, which became the same proportional interest in the same assets left to testator by his father upon their transfer to the Redfields partnership, did remain in testator's estate *in specie* as personal property at the time of his death and, therefore, did not adeem upon the dissolution and termination of Redfields, Inc. *See also Bright v. Williams*, 245 N.C. 648, 651, 97 S.E.2d 247, 250 (1957) (determining that a partner's interest in a partnership is personal property, even when part of a partnership's assets is real estate) (citing N.C. Gen. Stat. § 59-56)); *see, e.g., Morrison v. Grandy*, 115 N.C. App. 170, 171-72, 443 S.E.2d 751, 752 (1994) (concluding that a testamentary gift did not adeem because, at the time of testator's death, the devise "remained in the estate," testator "retained legal title to the real estate," and the property was not put "out of [testator's] control"). Therefore, the trial court did not err by dismissing plaintiffs' complaint because plaintiffs did not allege facts sufficient to establish that they had a legal right to testator's interest in the Redfields partnership.

[2] Plaintiffs also assigned error to the trial court's 15 November 2007 order, in which the court determined that neither a 1984 Buick LaSabre nor $2,457.19 received by testator's estate from North Carolina's Unclaimed Property Program were devised under testator's 1970 will, and ordered that this property be distributed according to North Carolina's laws of intestate succession in favor of plaintiffs. Plaintiffs sought relief from this order pursuant to N.C.G.S. § 1A-1, Rule 60 on the ground that the trial court "omitted an NCNB checking account of the testator" from the list of assets it determined should pass under the laws of intestacy, which was alleged to contain $39,097.63 at the time of testator's death.

However, plaintiffs provide no legal argument in their brief in support of this assignment of error. Plaintiffs only direct this Court's attention to copies of three electronic mail messages sent to the trial court in response to the court's inquiry as to whether there was "any money, other than the escheat funds, that was not specifically bequeathed by the will." According to these e-mails: the estate filing reflected "a bank account labeled 'NCNB Checking Account' "; the funds in this account "were used to pay off debts of the estate or for specific bequests"; and there was "no property other than the Buick

and the escheat money that could have passed under the rules of intestate succession." The record before us contains no further information about this NCNB account, and plaintiffs present only the bare assertion in their primary brief that this was an *"intestate* checking account." In the absence of any legal argument in support of this assignment of error, we must deem this assignment of error abandoned. *See* N.C.R. App. P. 28(b)(6) (amended Oct. 1, 2009) ("Assignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

**[3]** Plaintiffs' remaining arguments include claims that testator's sisters and other named defendants are liable to plaintiffs under theories of mistake, constructive fraud, and breach of fiduciary duty. However, since these claims were neither alleged in plaintiffs' complaint nor considered or determined by the trial court, we decline to address such matters.

Affirmed.

Judges STEPHENS and HUNTER, JR. concur.