NELLIE SETTLEMYER JOLLEY ET AL. v. J. T. HUMPHRIES ET AL.

(Filed 24 May, 1933.)

1. **Wills E b—Held: the words "afore described/real estate" applied only to the tract immediately before described in the will.**

The testator devised three tracts of land to his wife, each tract being described separately and the words of disposition being prefixed to each description, and after the description of the third tract the will contained the following words: "to have and to hold the afore described real estate during the term of her natural life and at her death" to the testator's daughter. A later item devised the third tract to the daughter subject to the wife's life estate. *Held*, the words "afore described real estate" applied only to the tract immediately preceding, and the limitation over to the daughter applied only to the third tract, and the wife took the first two tracts in fee simple.

2. **Wills E a—General rules for construction of wills.**

A devise will be construed to be in fee simple unless an intention to convey an estate of less dignity is apparent from the will, C. S., 4162, and regard will be had to the natural objects of the testator's bounty, and the testator's intention as gathered from the whole instrument will be given effect unless it is contrary to some rule of law or public policy.

APPEAL by plaintiffs from *Finley, J.,* at Spring Term, 1933, of CLEVELAND.

Civil action in ejectment determined upon the construction of the following provisions in the will of S. R. Humphries, who died in 1909:

"2nd. I give and bequeath to my wife, Mary A. Humphries, the following described real estate, to wit: (Description by metes and bounds of homestead consisting of 208 acres). I also bequeath to my beloved wife my entire one-half interest in the following described tract of land owned by my brother, P. W. Humphries, and myself, to wit: (description by metes and bounds of tract consisting of 1635⁄8 acres). Also I bequeath to my wife my entire half interest (description by metes and bounds of tract consisting of 619½ acres). To have and to hold the afore described real estate during the term of her natural life and at her death to go to Nellie G. Settlemyer of Catawba County, North Carolina. 2nd. I bequeath to Nellie G. Settlemyer now with her mother in Catawba County, North Carolina, tract No. 3 the above described lands, and she is to have possession of said lands upon the death of my wife, Mary A. Humphries, and not before."

On 21 August, 1912, Mary A. Humphries, wife of the testator, sold the lands here in dispute, the first and second tracts, above described, to V. A. Humphries in fee, reserving a life estate unto herself, and remained in possession thereof until her death in June, 1917.

Nellie G. Settlemyer was a minor at the death of the testator. She married J. Floyd Jolley in 1915, and reached her majority in 1918 or 1919.

V. A. Humphries took possession of the two tracts of land here in controversy under the deed of Mary A. Humphries immediately following her death and remained in possession thereof until his death, which occurred 21 June, 1931. His heirs have been in possession of said lands since his death. This action was instituted 9 February, 1932.

The defendants deny that plaintiff took any interest in the first and second tracts, above described, under the will of S. R. Humphries, and they also plead the statutes of limitations.

From a judgment holding that plaintiff took no interest in the *locus in quo* under the will in question, she appeals, assigning error.

*D. Z. Newton, Paul Boucher, Jennings L. Thompson and Quinn, Hamrick & Hamrick for plaintiffs.*
*J. C. Whisnant and Ryburn & Hoey for defendants.*

STACY, C. J. Does the limitation, "To have and to hold the afore described real estate during the term of her natural life and at her death to go to Nellie G. Settlemyer," which follows the description of the third devise in item two of the will of S. R. Humphries, also apply to the first and second devises? Our answer is, that it does not. This is the interpretation which the parties themselves placed upon the will for more than twenty years.

In the first place, the ordinary signification of the words "afore described real estate" is the next preceding, which in the instant case would mean the third tract of 619½ acres immediately preceding the limitation. *McIver v. McKinney,* 184 N. C., 393, 114 S. E., 399.

Secondly, the first and second devises, standing alone, are unquestionably devises in fee to the testator's wife. She was the primary object of his bounty, and is entitled to be accorded consideration as such. *Mangum v. Trust Co.,* 195 N. C., 469, 142 S. E., 711. It is provided by C. S., 4162, that when real estate is devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. *Lineberger v. Phillips,* 198 N. C., 661, 153 S. E., 118; *Washburn v. Biggerstaff,* 195 N. C., 624, 143 S. E., 210; *Barbee v. Thompson,* 194 N. C., 411, 139 S. E., 838.

Hence, if we give the language of item two its ordinary meaning, it would seem to accord with the interpretation heretofore placed upon the will by the interested parties. *Dunn v. Hines,* 164 N. C., 113, 80 S. E., 410.

But conceding the purpose of item two, standing alone, to be doubtful, the intention of the testator is apparently set at rest by the 3rd item of the will (erroneously numbered 2nd), where it is repeated Nellie G. Settlemyer is to have "tract No. 3 the above described lands," subject to the life estate of the testator's wife.

The will was drawn by a justice of the peace, who was perhaps more familiar with deeds than wills. After writing out the second item in long hand, he evidently read it over, and realizing the possible misconstruction which might result from its peculiar wording, he undertook to clarify its meaning by stating in the next item that Nellie G. Settlemyer was to have the third tract, subject to the life estate of the testator's wife. The fact that no further mention was made of the first and second tracts would seem to indicate that he regarded it clear they were to go as originally devised to the testator's wife in fee.

The pole-star in the interpretation of wills, to which all rules must bend, unless contrary to some rule of law or public policy, is the intent of the testator, and this is to be ascertained from the four corners of the will, considering for the purpose the will and any codicil or codiciles as constituting but one instrument. *Ellington v. Trust Co.,* 196 N. C., 755, 147 S. E., 286.

Giving expression to the same thought in *McIver v. McKinney, supra, Adams, J.,* delivering the opinion of the Court, said: "Nevertheless, it is generally conceded that in the construction of a will the cardinal purpose is to ascertain and give effect to the intention of the testator—not the intention that may have existed in his mind, if at variance with the obvious meaning of the words used, but that which is expressed by the language he has employed. The question is not what the testator intended to express, but what he actually expressed in his will, when all its provisions are considered and construed in their entirety," citing as authorities for the position: *Patterson v. Wilson,* 101 N. C., 586; *Francks v. Whitaker,* 116 N. C., 518; *Chewning v. Mason,* 158 N. C., 579; *Dunn v. Hines,* 164 N. C., 114; *Taylor v. Brown,* 165 N. C., 157; *McCallum v. McCallum,* 167 N. C., 310.

The case of *Hauser v. Craft,* 134 N. C., 319, 46 S. E., 756, cited and relied upon by plaintiffs, is not at variance with our present decision, for in the cited case, there was no further clause, as here, explaining the possible ambiguity.

Affirmed.