This is an action for the construction by the court of certain provisions of the last will and testament of Miss Hannah P. Bolles, who died in the city of Wilmington, N.C. on 13 February, 1933, having first made and published her last will and testament, which has been duly probated and recorded in the office of the clerk of the Superior Court of New Hanover County.
The plaintiff is the duly qualified executor of the said last will and testament, and is named therein as trustee for certain of the defendants.
The defendants are the devisees, legatees, and beneficiaries named in said last will and testament, and have been duly made parties to this action.
By Item III of her said last will and testament, the testatrix directed her executor to sell and dispose of all her real estate, wherever situate, within twelve months from the date of the probate of said last will and testament, and to that end she authorized and empowered her said executor to sell and convey the said real estate to the purchaser or purchasers by good and sufficient deed or deeds; she further directed and empowered her said executor to sell, at either public or private sale, all her personal property, "except my personal effects, furniture, and furnishings which are listed and are to be disposed of in accord with a memorandum to be deposited with this will as provided in Item IV hereof." She further directed her said executor, after the payment of her debts and taxes, and after the payment of all costs and expenses of the administration of her estate, including commissions, to divide "all the rest and residue of my estate" into thirty shares of equal value, and to deliver to the persons named in said Item III the shares of her estate as therein directed.
Items IV and V of said last will and testament are as follows:
"Item IV. I request and direct my executor to dispose of my personal belongings, my furniture and other personal effects in the manner and to the persons whose names will appear upon a memorandum which I will prepare and file with a copy of this will which I propose to place in my safe deposit box at the Wilmington Savings and Trust Company.
"ITEM V. All the rest, residue, and remainder of my said estate of whatever character and kind and wherever situate, I give, devise, and bequeath unto Sarah Stone Cowan and Mary Giles Cowan King, daughters of the late Robert H. Cowan."
No memorandum showing the names of the persons to whom the testatrix requested and directed her executor to deliver her personal belongings, her furniture, and her personal effects in accordance with the provisions of Item IV of her will, was found after her death in her safety deposit box at the Wilmington Savings and Trust Company. The testatrix had failed to prepare and file such memorandum with the copy of her last will and testament. *Page 238 
On the foregoing facts the plaintiff contended that the personal belongings, furniture, and personal effects of the testatrix constituted a part of the corpus of her estate, and should be included in the division of her property under the provisions of Item III of her will; the defendants Sarah Stone Cowan and Mary Giles Cowan King contended that said personal belongings, furniture, and personal effects should be delivered to them as residuary legatees under the provisions of Item V of the said will.
The court was of opinion that said personal belongings, furniture, and personal effects constitute a part of the corpus of the estate of the testatrix, and should be included in the division of her property, real and personal, and so adjudged.
The defendants Sarah Stone Cowan and Mary Giles Cowan King appealed to the Supreme Court.
It was manifestly the intention of the testatrix at the time she executed her last will and testament that her "personal belongings, furniture, and personal effects" should not be sold by her executor, or included in the division of her estate, which she directed her executor to make for purposes of distribution. This intention appears from the "four corners" of the will, and is the pole star by which the Court must be guided in construing the provisions of the will. Jolley v. Humphries,204 N.C. 672, 169 S.E. 417.
In Item III of her will the testatrix directed and empowered her executor to sell all her personal property "except her personal effects, furniture, and furnishings." In Item IV she requested her executor to dispose of her personal belongings, her furniture, and other personal effects by delivering them to the persons whose names would appear on a memorandum which she intended to prepare and file with her will. She failed to prepare and file the memorandum. For this reason, the provisions of Item IV of her will are incapable of taking effect, and the legacy is void.Faison v. Middleton, 171 N.C. 170, 88 S.E. 141.
Under the provisions of C. S., 4166, the property which is the subject matter of the void legacy, is included within the residuary legacy provided by Item V of the will, and should be delivered by the executor to the defendants Sarah Stone Cowan and Mary Giles Cowan King.
There is error in the judgment, which must, for that reason, be
Reversed. *Page 239