This is a submission of controversy without action, C. S., 626, upon an agreed statement of facts of some length. The facts succinctly are: On 22 March, 1937, Joseph F. Meadows, late of Granville County, North Carolina, executed his last will and testament, and for reasons stated in his will, and it is alleged by plaintiff that he bequeathed to her "$ __________ of the life insurance money" which he was carrying on his life and in which policies plaintiff was beneficiary, and directed that said "amount shall be paid, in full, to the said Marie M. Tyer as soon as same is collected" and directed that it should not be charged against plaintiff, appellant "in the final division of all other property." At the *Page 734 
time of the execution of said will, plaintiff was beneficiary in the following described life insurance policies: Policy #4084-S, issued 7 November, 1907, by the Southern Life Insurance Company, Fayetteville, N.C. later taken over by Jefferson Standard Life Insurance Company, Greensboro, N.C. it being ordinary life policy in the sum of $2,000.00. Policy #1446670, issued by the Mutual Life Insurance Company, 5 March 1904, on the life of Joseph F. Meadows, in the sum of $2,000.00. That subsequent to the execution of said will, the said Joseph F. Meadows, on 12 December, 1931, changed the beneficiary under policy #4084-S to insured's executors, administrators or assigns, and on 19 February, 1932, the said Joseph F. Meadows changed the beneficiary under policy #1446670 to insured's executors, administrators or assigns, and subsequent to said changes no other change was made as to the beneficiary under said policies. That subsequent to the execution of said will, said Joseph F. Meadows obtained a loan on policy #4084-S, carried by Jefferson Standard Life Insurance Company, Greensboro, N.C. and also obtained a loan on policy #1446670 carried by Mutual Life Insurance Company, and after his death there was paid to and collected by Mrs. Margaret S. Meadows, as executrix, the sum of $1,165. 49, on 3 November, 1933, on policy #4084-S, and the sum of $1,165. 63, on 29 December, 1933, on policy #1446670. That no part of the proceeds of said two life insurance policies has been paid to the plaintiff appellant. Plaintiff, appellant, was the only child of the said Joseph F. Meadows by his first marriage, his first wife being Mrs. Susie B. Meadows, who died intestate many years ago seized and possessed of a house and lot in the town of Oxford, N.C. That the said Mrs. Margaret S. Meadows was the second wife of said Joseph F. Meadows, and said J. Randolph Meadows and Mrs. M. Roselyn Meadows Seabolt are the children of the said Joseph F. Meadows by the said Mrs. Margaret S. Meadows. On 1 March, 1922, Joseph F. Meadows, as tenant by the curtesy, and Mrs. Marie Meadows Tyer, who owned said house and lot, subject to the life estate of her father, and her husband, William B. Tyer, executed a deed for said house and lot to the said Mrs. Margaret S. Meadows. That the testator, by way of explanation of his reasons for the alleged bequeathing said "life insurance money" in the second item of his will, mentions the fact that "the deed and title to the home where" he lived had been made to his wife, Margaret S. Meadows, and in the third item of said will, stated that he was right sure that the property mentioned in said second paragraph would be given to J. Randolph Meadows and M. Roselyn Meadows (Seabolt).
The judgment of the court below was as follows: "This cause coming on to be heard before the undersigned, judge presiding at the February Term, 1939, of the Superior Court of Granville County, upon an agreed *Page 735 
statement of facts submitted to the court for determination as a controversy without action, and upon said agreed statement of facts the court is of the opinion and so holds, as a matter of law, that the plaintiff is not entitled to the face amount of said policies Nos. 4084-S and 1446670, nor to the amounts collected on either of said policies by said executrix, nor to any part of either the face amounts of said policies or the amounts collected by said executrix. This judgment, by consent of plaintiff and defendants, signed by the undersigned out of term and out of the county of Granville, and out of the Tenth Judicial District of North Carolina. This April 8th, 1939. Q. K. Nimocks, Jr., Judge holding the courts of the Tenth Judicial District of North Carolina."
The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court. This and other necessary facts taken from the agreed statement of facts, will be set forth in the opinion.
The questions involved: Under the will of Joseph F. Meadows, deceased, is plaintiff entitled to recover the face amounts of two life insurance policies, in which policies she was beneficiary at the time of the execution of said will, the deceased, prior to his death having changed the beneficiary to his estate, the proceeds of said life insurance money having been bequeathed to the plaintiff by said will; or is the plaintiff entitled to the actual amounts paid over to Mrs. Margaret S. Meadows, executrix, on account of said life insurance policies, the deceased, during his lifetime having obtained loans on each of said policies? We think the plaintiff entitled to the actual amounts paid over to the executrix with interest from the time paid her.
N.C. Code, 1935 (Michie), sec. 4165, is as follows: "Every will shall be construed, with reference to the real and personal estate comprised therein, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will."
This general rule seems to be established, that where a testator uses general terms, as "all of my estate" or "all of my lands or real estate," then the devise will speak at the date of the death; but, where he refers to a specific subject of gift, with sufficient particularity in the description of the specific subject of it, showing that an object in existence at the date of his will was intended, referring to the existing state of things at the date of the will and not at his death, then the operation of the general rule is excluded. The death is a prospective event, but the date of the will refers to actual conditions. Hines v.Mercer, 125 N.C. 71 (74). *Page 736 
The intention of the testator, taken from the four corners of the will, is the polar star to guide in the construction.
In Edmondson v. Leigh, 189 N.C. 196 (200), speaking to the subject, it is said: "It is settled law in this State that the intent of the testator, as expressed by the terms and language of the entire will, must be given effect unless in violation of law. `Every tub stands upon it own bottom,' except as to the meaning of words and phrases of a settled legal purport. A will must be construed `taking it by its four corners.' Patterson v.McCormick, 181 N.C. 313; Smith v. Creech, 186 N.C. 190; Wells v.Williams, 187 N.C. 138." Wilmington Savings Trust Co. v. Cowan,208 N.C. 236; Heyer v. Bulluck, 210 N.C. 321.
In Walker v. Trollinger, 192 N.C. 744 (746), it is written: "The cardinal principle or polar star is to gather the intent from the entire will. To determine this, we consider the setting — the surrounding circumstances of the testator when the will was executed; if possible reconcile and harmonize the different parts; to consider it as a whole and in all its parts." Brown v. Brown, 195 N.C. 315 (320).
The setting: The testator, Joseph F. Meadows, was married twice. Plaintiff, Marie M. Tyer, was the only child of the marriage by his first wife, Susan B. Meadows. He left surviving him his widow, Margaret S. Meadows, his second wife, and the following children by his second wife: the defendants J. Randolph Meadows and Mrs. M. Roselyn Meadows Seabolt.
Mrs. Susan B. Meadows, the mother of plaintiff, Marie F. Tyer, owned a valuable house and lot in the town of Oxford, N.C. which was the home-site. She left no will and on her death her husband became the owner of a life estate (tenant by the curtesy) and plaintiff the remainder in fee simple. On 1 March, 1922, Joseph F. Meadows and plaintiff and her husband conveyed the home-site and another lot belonging to Joseph F. Meadows to his second wife, Margaret S. Meadows. The deed recited "$10.00 and other valuable considerations." The actual amount paid plaintiff being $4,500. Joseph F. Meadows died 28 September, 1933, leaving a last will and testament appointing his second wife, Margaret S. Meadows, the executrix. The testator (in paragraph 2 of his will) mentions the fact that the home-site was his second wife's property and she could do with it as she chose, but he says in the third paragraph that he is sure that it will be given to (if living) his two children of that marriage — J. Randolph Meadows and M. Roselyn Meadows (Seabolt). Then the will says in the third paragraph: "It is hereby understood and you will find I have made $ _______ of the life insurance money I am carrying on my own life payable to my daughter, Mrs. Marie M. Tyer, which amount shall be paid, in full, to the said Marie M. Tyer as soon as same is collected the above mentioned $ ___________ dollars shall not be charged against my daughter, Mrs. *Page 737 
Marie M. Tyer in the final division of all other property, both real, personal mixed and this I want done on account of the facts mentioned in said paragraph 2." Then in the fourth paragraph "further by way of explanation" he recites that he is carrying $4,000 life insurance to educate the two children by the second marriage — $2,000 for each. "Ido not want charged in the final division of all other property, both realand personal, between our three children," "5th. After paragraphs 1, 2, 3, and 4 above written shall have been carried out" the balance of his property, real, personal and mixed, he leaves to his wife for life " then to be divided equally, share for share alike, between our three children." He makes provision if any shall die "not leaving any heirs, his or her interest in said estate should revert to and become the property equallydivided between those who are living at that time. If in the best judgment of my beloved wife, she should decide that it will be best to turn over to to give any property, real or personal, to anyone of our three children, this will be in order, she can do so, provided the same and like amount
should be given over to each one of our children living at that time." That at the time of the execution of said last will and testament by the said Joseph F. Meadows, the said Marie M. Tyer was named as the beneficiary in the following described life insurance policies on the life of Joseph F. Meadows, to wit: (a) Policy #4084-S, issued 7 November, 1907, by the Southern Life Insurance Company, Fayetteville, N.C. later taken over by Jefferson Standard Life Insurance Company, Greensboro, N.C. it being ordinary life policy in the sum of $2,000.00. (b) Policy #1446670, issued by the Mutual Life Insurance Company, 5 March, 1904, on the life of Joseph F. Meadows, in the sum of $2,000.00. Subsequent to the will Joseph F. Meadows changed the beneficiary on these policies to "Assured's executors, administrators or assigns," and borrowed on the policies.
The executrix has collected the proceeds of the two policies less certain amounts which Joseph F. Meadows borrowed on same. There was another $2,000 policy in the name of plaintiff as beneficiary which was never changed and Joseph F. Meadows borrowed on that and the balance was paid plaintiff by the insurance company. "That subsequent to the death of the said Joseph F. Meadows, there was paid to his son, J. Randolph Meadows, the sum of $2,000.00, on account of the $2,000.00 life insurance policy, and there was paid to his daughter, M. Roselyn Meadows Seabolt, the sum of $2,000.00, on account of the $2,000.00 life insurance policy, both of said policies being referred to in the fourth item of his last will and testament."
The testator, Joseph F. Meadows, from the four corners of his will, wanted to make provision for the primary object of his bounty — his wife, and an equal share of his property to his three children. He states the reason why he specifically gives the certain insurance money to the *Page 738 
plaintiff. Then he says, after carrying out the provisions of the first four paragraphs of his will, all his property is given to his wife for life and then "to be divided equally, share for share alike, between our three children." The fact that Joseph F. Meadows became in need and borrowed on the policies of the plaintiff and made them to his estate did not show an intention to revoke this specific legacy to plaintiff. No doubt it was easier to borrow from the insurance company by changing them to his estate. He could have revoked the legacy, but this he did not do. He gave his wife power, upon certain contingencies and in her discretion, to do certain things provided the same and like amount should be given over to each ofour children. The will is shot through with an intention of equality among his children — this should and must prevail.
In King v. Sellers, 194 N.C. 533 (535), it is said: "The legacy in controversy was a specific legacy. Ademption, in law, denotes the destruction, revocation or cancellation of a legacy in accordance with the intention of the testator and results either from express revocation or is implied from acts done by the testator in his lifetime, evincing an intention to revoke or cancel the legacy. The question was considered inStarbuck v. Starbuck, 93 N.C. 183, and the conclusion of the court thus stated: `Specific legacies are said to be adeemed, when in the lifetime of the testator the particular thing bequeathed is lost, destroyed, or disposed of, or it is changed in substance or form, so that it does not remain at the time the will goes into effect in specie, to pass to the legatees. If the subject-matter of such legacies ceases to belong to the testator, or is so changed as that it cannot be identified as the same subject-matter, during his lifetime, then they are adeemed — gone and never become operative.' . . . The test of ademption is such a change in the subject-matter of the legacy as to destroy its identity. In applying the test it is well to bear in mind the wise utterance of Pearson, C. J., in Nooe v. Vannoy, 59 N.C. 185: `But it is unusual for a father to adeem, in this manner, legacies given to children and exclude them from his contemplated bounty when there has been no change of circumstances; and for this reason the Court is slow to adopt the conclusion that it is an ademption and will seek, anxiously, for some mode of explanation.'" Groganv. Ashe, 156 N.C. 286, 94 A.L.R., 191.
From the facts and circumstances of this case, we think the loans made by the testator in his lifetime on the policies was an implied ademption of the legacy to that extent, and the executrix is liable for the amount received on the policies from the insurance companies and interest from that date.
For the reasons given, the judgment of the court below is
Reversed. *Page 739