ANNIE MAY BANKS ANDREWS v. NORMAN JOHN ANDREWS, JUDITH MAY ANDREWS AND ELIZABETH BANKS ANDREWS.

(Filed 12 October, 1960.)

1. Appeal and Error § 1—

The Supreme Court will not consider matters not raised and adjudicated in the court below.

2. Wills § 31—

A will, especially a holographic will, must be construed on the basis of the particular language of the instrument for the purpose of ascertaining the testator's intent, and in so doing the will should be examined as a whole with regard to the situation confronting the testator at the time of its execution and the natural objects of testator's bounty.

3. Wills § 33a—

The general rule that an unrestricted bequest or devise of property to a particular person will be construed to be absolute, and a subsequent

disposition of the same property at the death of the first taker will be rejected as repugnant to the absolute gift, G.S. 31-38, must yield to the paramount intent of the testator as gathered from the entire instrument.

**4. Same—**

Language of an item of a will, even though sufficient, standing alone. to pass an absolute gift to the first taker, will be construed to transmit only a life estate when the will directs a limitation over to another or others, and there is no absolute power of disposition, express or implied, to the first taker, and this result is consonant with the paramount intent of testator as gathered from the instrument as a whole.

**5. Same—**

A devise and bequest of the remainder of testatrix' real and personal properties to testatrix' daughter, with provision in the same sentence that at the death of the daughter all the property should be equally divided among the daughter's children, grandchildren of testatrix, *is held* to transmit only a life estate in the properties to the daughter, this being consonant with the intent of testatrix as gathered from the instrument as a whole.

**6. Same—**

Language of an item of a will to the effect that testatrix wanted her daughter to keep monies in a particular savings account for the daughter's old age, *is held* an absolute bequest of the savings account to the daughter, the provision that the money should be kept for the daughter's "old age" being a mere statement of the reason for making the gift, and the word "want" being used throughout the instrument as an imperative and not a precatory word, and this result being consonant with the intent of testatrix as gathered from the entire instrument.

**7. Wills § 31—**

In construing a will, the extent and character of the estate is often helpful in ascertaining the intent of the testator, and the court should have before it an inventory of the estate to aid it in ascertaining such intent.

**8. Same—**

In construing a will every clause will be given effect if possible and apparent conflicts reconciled; irreconcilable repugnances will be resolved by giving effect to the general prevailing purpose of testator and the last expression of such intent will prevail over a prior irreconcilable provision.

**9. Wills § 33a—**

By one item of the will in question testatrix devised and bequeathed a life estate in the remainder of her properties, real and personal, to her daughter for life, with limitation over to the daughter's children. By subsequent item testatrix bequeathed the daughter a stipulated savings account. *Held:* The apparent repugnancy will be reconciled on the basis that testatrix did not intend to include the savings account within

the term "remainder of my real and personal properties," or the sub-
sequent item be given effect as the later expression of testatrix' intent,
made particularly clear by a still later item directing that income
from other properties should be used for the purpose of educating the
grandchildren.

APPEAL by defendants from *Hobgood, J.,* June 1960 Civil Term,
of WAKE.

This is a proceeding under the Declaratory Judgment Act (G.S.
1-253 *et seq.*) for construction of the will of Lizzie May Banks.

Defendants appealed.

*Paul C. West for plaintiff.*
*W. G. Mordecai, Guardian Ad Litem for the minor defendants,*
*appellants.*

MOORE, J.   Mrs. Lizzie May Banks, late of Wake County, died
testate 11 February 1960. Her will was admitted to probate and the
executrix qualified 16 February 1960.

The devisees and legatees named and referred to in the will are:
plaintiff, Annie May Banks Andrews, daughter of testatrix, and de-
fendants, Norman John Andrews, age 16, Judith May Andrews, age
12, and Elizabeth Banks Andrews, age 7, grandchildren of testatrix
and children of plaintiff. A guardian *ad litem* was duly appointed
for defendants and he filed answer.

The will is as follows:

"Raleigh, N. C., September 11-1958

(1) "It is my decision, that after my death my possessions and
property be devided as follows:

(2) "1st three houses and lots located at 917 W South St. 622 W
South St and 513 S-West St be maintained operated for the best inter-
est of my grand children as determined by my daughter

(3) "When they become twenty one I want each to have a house
but I want the rent from other properties to equlize the amount of
rent each shall receive, not the up keep, each piece shall pay its
own up keep

(4) "All the remainder of my real and personal properties goes to
my daughter Annie May — at her death all property be devided
equaly among the grand children

(5) "The money I have on savings account at 1st Federal Savings
and loan bank, I want Annie May to keep there for her old age

(6) "I want her to use the income from other properties to edu-
cate the grand children

(7) "All my house hold furniture except what is in the kitchen be stored and kept for the grand children, especially my brass pictures potery and pichers, and all my chairs.

(8) "I appoint my daughter Annie May exzeitress with out bond" (The paragraphs are numbered by us.)

Plaintiff, who is also executrix, requests the court to construe paragraphs 4, 5 and 6, and to that end asks "Whether the remainder of the property real and personal conveyed to the daughter, Annie May Andrews, conveys a fee simple, or a life estate to be divided at the death of said daughter, Annie May Andrews, among the grand children."

The court below ruled "that Annie May Banks Andrews is the owner in fee simple of the property of the testatrix, Lizzie May Banks, except such property as is specifically devised by testatrix to her grandchildren . . ." We assume this holding to be that — exclusive of the three houses and lots and the charge for equalizing rents referred to and provided for in paragraphs 2 and 3, and certain furniture specified in paragraph 7 — plaintiff takes the property of testatrix absolutely and in fee simple.

The court is requested by the petition to interpret only paragraphs 4, 5 and 6. And since the other items of the will were not specifically construed by the court below, we refrain from a discussion of them here. *Anders v. Anderson*, 246 N.C. 53, 97 S.E. 2d 415. We consider them only in so far as they tend to throw light upon the general intent of the testatrix.

We are concerned here with what appears to be a holograph will. It is almost entirely devoid of technical words and expressions. As stated by *Higgins, J.*, in *Morris v. Morris*, 246 N.C. 314, 315, 98 S.E. 2d 298, "Holograph wills especially are like the men who make them — individual."

In ascertaining the intention of the testatrix with respect to the items of the will in controversy, it is beneficial, at the outset, to examine the will as a whole and determine the dominant purpose of the testatrix. *Trust Co. v. Schneider*, 235 N.C. 446, 70 S.E. 2d 578. Her general intention seems definite and clear. Her daughter and grandchildren are natural objects of her bounty. She desires to contribute to the support and security of her daughter, and especially to provide for her daughter's old age. To each grandchild she wishes to give a house, furniture and funds. She is concerned for their education. She was thinking in terms of her daughter's life-time welfare; for the grandchildren she had long term and lasting benefits in mind.

Paragraph 4 of the will provides: "All the remainder of my real and personal properties goes to my daughter Annie May — at her death all property be devided equaly among the grand children."

Plaintiff contends she takes under this item of the will the residue of the estate in fee simple and absolutely. Defendants maintain that she acquires only a life estate, with remainder to them in equal shares in fee.

Plaintiff asserts that G.S. 31-38 and the principles enunciated in *Taylor v. Taylor*, 228 N.C. 275, 45 S.E. 2d 368, are applicable and controlling.

G.S. 31-38 provides: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."

In the *Taylor* case testatrix devised real estate to her brother and sister to do with as they liked, and she bequeathed all her personal property to a sister "for her to keep or dispose of as she sees best." In a subsequent paragraph the will provides: "I wish that after . . . the death of the brothers & sisters . . . *whatever property there is left* shall go to my niece, Geneva Taylor Lewis and her husband . . ." (Emphasis added.) In holding that the named niece and her husband take nothing under the will, the court says: " 'Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given.' . . . Indeed, it is a general rule of testamentary construction that an unrestricted devise of real estate carries the fee, and a subsequent clause in the will expressing a wish, desire or even direction for the disposition of what remains at the death of the devisee, is not allowed to defeat the devise, nor limit it to a life estate. . . . It is understood, of course, that this rule, as well as all rules of construction, must yield to the paramount intent of the testator as gathered from the four corners of the will." The quoted rule, sometimes referred to as the "rule of Kent," has, in appropriate cases, been consistently applied in this jurisdiction: *Walters v. Children's Home*, 251 N.C. 369, 111 S.E. 2d 707; *Heefner v. Thornton*, 216 N.C. 702, 6 S.E. 2d 506; *Barco v. Owens*, 212 N.C. 30, 192 S.E. 862; *Hambright v. Carroll*, 204 N.C. 496, 168 S.E. 817; *Roane v. Robinson*, 189 N.C. 628, 127 S.E. 626; *Carroll v. Herring*, 180 N.C. 369, 104 S.E. 892; *Fellowes v. Durfey*, 163 N.C. 305, 79 S.E. 621. This rule prevails in most jurisdictions of this country and is con-

sistently adhered to in England. 17 A.L.R. 2d, Anno: Absolute Grant — Purported Limitations, pp. 7-227. "The general proposition . . . is that where the first taker is given either expressly or by implication, what is commonly designated as 'the absolute power of disposition,' and the terms of the devise, bequest, or conveyance to him are appropriate to carry the fee, or if personalty the analogous interest, he takes the property absolutely and an attempted limitation over of anything remaining undisposed of, or of the whole property if undisposed of, is void." *Ibid,* 36.

But it is our opinion that the instant case is distinguishable from the class of cases of which Taylor is representative. There are at least four distinguishing features: (1) Here the first taker is not given the absolute power of disposition, expressly or by implication; (2) there is no provision that the remaindermen take only what is undisposed of; (3) the gift over serves to define the estate of the first taker as a life estate; and (4) it seems plain that the will intends that the daughter take only a life estate.

Where the gift to the first taker is in language sufficient, standing alone, to pass a fee simple estate, but no absolute power of disposition is expressed or necessarily implied, the gift is a life estate, provided from other clauses of the will it appears that "at the death" of the first taker testator intends and directs a limitation over to another or others.

In *Hampton v. West,* 212 N.C. 315, 193 S.E. 290, testator devised and bequeathed the residue and remainder of his estate to his wife, and, in subsequent paragraphs, provided that upon the death of his wife one-half of the estate then remaining be given to Charlie Spear in fee, and, if his wife should not leave a will disposing of the other half, the remaining half to go to the children of Mrs. Matthew Legasse. The Court said: "If . . . he had merely added to the indefinite devise that after her death the land remaining (presumably meaning undisposed of) be given to another, and said no more, the rule laid down in *Hambright v. Carroll,* 204 N.C. 496, 168 S.E. 817, and *Carroll v. Herring,* 180 N.C. 369, 104 S.E. 892, would have controlled. . . . The language of the will, in effect, that one-half of his estate remaining after the death of his wife be given in fee simple to Charlie Spear, his adopted son, and that the other half, if undisposed of by the widow by will, be given to the Legasse children, indicates the definite intention of the testator that his widow should not have power to convey the entire estate by deed in fee simple."

*Shuford v. Brady*, 169 N.C. 224, 85 S.E. 303, is a case in point. Testator devised all of his real estate to his son. In a subsequent paragraph he provided a limitation over in the event the son died before his majority. Then he directed: "But . . . should he live and marry and, have children, at his death this real property shall go to his oldest child living. But should my son die leaving no children, but a wife," then to the wife. The Court declared: "It is manifest that the testator did not intend, by the language in the first paragraph of his will, to give his son . . . a fee simple estate in the property devised, although the words used, standing alone, are sufficient for that purpose."

For other cases of similar purport see: *Alexander v. Alexander*, 210 N.C. 281, 186 S.E. 319; *Jolley v. Humphries*, 204 N.C. 672, 169 S.E. 417; *Roberts v. Saunders*, 192 N.C. 191, 134 S.E. 451; *Rees v. Williams*, 165 N.C. 201, 81 S.E. 286.

The case of *Watts v. Finley*, (Ga. 1939) 1 S.E. 2d 723, is on all fours with the instant case. The will provided: "Item Three. All the residue of my property, both real and personal, I bequeath to my sister, Annie M. Finley . . . Item Four. At the death of my sister Annie M. Finley, I bequeath the residue of my property to the children of my nephews . . ." The Court held that Annie M. Finley took only a life estate and explained the holding as follows: ". . . under the terms of this item (three), if they be considered disassociated from the other provisions of the will, a fee-simple estate would pass, by virtue of the rule existing in this State . . . The question presented depends largely on the meaning that should be given to the words 'residue of my property' as used in the fourth item. When the entire will is read, and especially items 3 and 4 thereof, with a view of finding a consistent and harmonious testamentary scheme of disposition of the testatrix's property, it seems to us that the words 'residue of my property,' as used in the fourth item, refer to, and are descriptive of, the property devised to Annie M. Finley in item 3, and at least should not be construed to mean less than the whole of such property reduced by that which may be destroyed in the use. . . . It is true that where, in a will, property is devised in language sufficient to pass a free-simple estate, it should not be held to convey a lesser estate unless it is clear from a subsequent provision of the will that such was the intention of the testator (citing cases), yet where, as in the instant case, the devise apparently passes a fee-simple estate and does so merely because of the absence of an expressed intent as to what character of estate was actually intended to be devised, and in a subsequent provision the prop-

erty is devised to others at the death of the first devisee, such provisions should be held to grant a life-estate with remainder over, else such subsequent provision must be held to have no meaning . . . In the present case the testatrix makes use of the word 'at,' (in the phrase 'at the death'), which is an adverb of time, and not of contingency . . ." (Parentheses ours.)

In the case at bar, both the gift to the first taker and the limitation over are contained in one sentence. The first part of the sentence, "All the remainder of my real and personal properties goes to my daughter Annie May," is sufficient, taken alone, to pass a fee-simple title. G.S. 31-38. But it will be observed that it contains no words expressly authorizing unrestricted disposition, such as "to dispose of as she sees fit." There follows immediately, after the punctuation (dash), the words: "at her death all property be divided equaly among the grand children." The expression "all property" is inclusive and refers to the entire residue given to the daughter in the first instance. It has no such meaning as "all the property undisposed of." The word "at" in the expression "at her death," as in the *Watts* case, "is an adverb of time, and not of contingency." Here the gift over serves, among other things, to define the estate of the first taker as a life estate. We think it is clear that testatrix intended to devise and bequeath to her daughter a life estate in the residue of her property, with remainder in fee simple to the three grandchildren, share and share alike. This is the construction we place upon paragraph 4.

Paragraph 5 provides: "The money I have on savings account at 1st Federal Savings and loan bank, I want Annie May to keep there for her old age." Correct interpretation of this item would, perhaps, be easier had the record included an inventory of the estate assets. The Court is entitled to such information. "Often the knowledge of the extent and character of an estate is helpful in ascertaining the intent of the maker of a will." *Hubbard v. Wiggins*, 240 N.C. 197, 209, 81 S.E. 2d 630. There is a possibility that testatrix did not understand the expression "personal properties," as used in paragraph 4, to include money on deposit and did not intend paragraph 4 to embrace the savings account. This may indeed be true if this savings account was the only money or deposit left by her. On the other hand, if the savings account is sufficiently large that the interest income would suffice for the daughter's support in old age, this clause might be construed as a mere suggestion by testatrix that the income from the account be retained by the daughter for her support in old age and not a testamentary disposition. But as the record stands, these

are matters of pure conjecture and have no part in our construction of this clause of the will.

From a consideration of the will as a whole, we are of the opinion that the word "want" as used in this paragraph is imperative and not precatory. *Anders v. Anderson, supra; Laws v. Christmas,* 178 N.C. 359, 100 S.E. 587. The test is whether the testatrix intends, by her language, to control the disposition of the property or to leave to the legatee discretion to ignore the wish expressed. Testatrix uses the word "want" often in this will. It is used twice in creating the trust in paragraphs 2 and 3. It is used again in paragraph 6. In the manner of its use throughout the instrument it is synonymous in meaning with the expression "it is my will that." Testatrix intended to control thereby the disposition of her property.

In construing a will every word and clause will be given effect if possible, and apparent conflicts reconciled, and irreconcilable repugnancies resolved by giving effect to the general prevailing purpose of testator. *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777. In the expression, "I want Annie May to keep there for her old age," the word "keep" clearly means to retain, have, own and use. No quantitative limit is placed on her use of it. "(f)or her old age" is the reason given for making the gift. So it is our opinion that testatrix intended to give the savings account to her daughter absolutely.

This construction of paragraph 5 raises an apparent conflict between this clause and the disposition of the residue in paragraph 4, assuming that "personal properties" in paragraph 4 included the savings account. While this inconsistency admittedly exists, both constructions are harmonious with the general objectives of the testatrix — lifetime support for the daughter, provision for the future of the grandchildren. We must give effect to both clauses of the will if possible. *Bank v. Corl,* 225 N.C. 96, 101, 33 S.E. 2d 613. "A later clause in a will must be construed in harmony with an earlier clause, if such construction can be fairly given. . . . (w)here there is an irreconcilable difference between two clauses . . . the last will generally prevail as the latest expression of the testator's intention . . . The rule that the later prevails is operative only where both clauses or provisions refer to the same subject matter, are clearly inconsistent, the later clause is clear and unambiguous, and as plain and decisive as the earlier. . . . (t)he earlier clause or provision will be modified only as far as necessary to give effect to the subsequent clause or provision." 95 C.J.S., Wills, s. 621(b), pp. 868-870.

In so far as the absolute gift to the daughter in paragraph 5 may conflict with the provisions of paragraph 4, as construed by us, para-

graph 4 is modified thereby, and the savings account will be considered no part of the residue referred to in paragraph 4.

Paragraph 6 is as follows: "I want her (Annie May) to use the income from other properties to educate the grandchildren." (Parentheses ours.) This further emphasizes the intent of the testatrix that the gift of the savings account to the daughter is absolute. In the education of the children, the savings account is not to be used, but the expenditures for their education are to be made from the income of properties other than the savings account.

The judgment below is reversed in so far as it conflicts with constructions herein indicated, and the cause is remanded that judgment may be entered in accordance with this opinion.

Reversed and remanded.