JOHN T. MAXWELL, v. HIRAM GRANTHAM, EXECUTOR FOR THE LAST WILL AND TESTAMENT OF JANIE MAXWELL McINTOSH; MIRIAM DIANNE MAXWELL, JACQUELINE MAXWELL AND JOHN T. MAXWELL, JR., MINOR CHILDREN OF JOHN T. MAXWELL.

(Filed 1 March, 1961.)

**1. Wills § 31—**

A will is to be construed as a whole, and meaning given to each clause, phrase, and word, if possible.

**2. Wills § 33g—**

A devise of property to testatrix's sister for life, and at her death to testatrix's named nephew, and at the death of the named nephew "the property is to be inherited by his children" gives the nephew, after the death of testatrix's sister, a life estate only, with vested remainder in the children of the nephew, it being apparent that testatrix used the word "inherited" in its general and non-technical sense, and to construe the will as vesting the fee simple in the nephew would require that the later dispositive provisions of the will be ignored.

APPEAL by guardian *ad litem* from *Hall, J.*, August-September Civil Term, 1960, of ROBESON, docketed and argued as No. 739 at Fall Term, 1960.

Civil action under Declaratory Judgment Act, G.S. 1-253, *et seq.*, for construction of the will of Janie Maxwell McIntosh.

Testatrix, a widow, died July 14, 1952, at the age of 87. She had no children. She resided in Robeson County, near Red Springs, on a parcel of land containing some 31 acres. Her unmarried sister, Margaret Maxwell, resided in the home with her. Her estate consists of said real estate and of personal property, including certain stocks and bonds. The will was probated. The executor qualified.

The portion of the will quoted below constitutes all of its dispositive provisions.

"After the payment of my just debts including my funeral expenses, I hereby bequeath my estate as follows:

"To my sister, Margaret Maxwell, I leave my entire estate for her life time. At the death of my sister, Margaret Maxwell, this estate is to become the property of my nephew, John Maxwell.

"At the death of my nephew, John Maxwell the property is to be inherited by his children."

Margaret Maxwell, sister of testatrix, died September 6, 1959.

Plaintiff is the nephew of testatrix referred to as "John Maxwell" in her will. Defendant Gratham is the executor. Defendants Miriam Dianne Maxwell, Jacqueline Maxwell and John T. Maxwell, Jr., are minor children of John T. Maxwell, the plaintiff. They, also all other children of John T. Maxwell who may be living at the time of his death, are represented herein by Charles G. McLean, Esq., their guardian *ad litem*.

Upon these facts, the court adjudged that, upon the death of Margaret Maxwell, John T. Maxwell, the plaintiff, became and "is now vested with a valid fee simple title to all the real estate, and title absolute to all the personal property, belonging to the said

Janie Maxwell McIntosh at the time of her death, and, subject to the payment of all debts and costs of administration, he is entitled to the immediate possession of the same."

The guardian *ad litem* excepted and appealed.

*Wm. E. Timberlake for plaintiff, appellee.*
*Charles G. McLean, guardian ad litem, in propria persona, appellant.*

BOBBITT, J.   In *Andrews v. Andrews*, 253 N.C. 139, 116 S.E. 2d 436, this Court construed this provision of the will of Mrs. Lizzie May Banks: "All the remainder of my real and personal properties goes to my daughter Annie May — at her death all property be divided equally among the grandchildren." It was held that this provision vested in the daughter (Annie May) only a life estate in the real and personal property of the testatrix.

In *Andrews*, this Court, in opinion by *Moore, J.* said: "Where the gift to the first taker is in language sufficient, standing alone, to pass a fee simple estate, but no absolute power of disposition is expressed or necessarily implied, the gift is a life estate, provided from other clauses of the will it appears that 'at the death' of the first taker testator intends and directs a limitation over to another or others."

Here, the gift to John T. Maxwell is in language sufficient, standing alone, to pass a fee simple and absolute estate, but he is given no power of disposition, expressed or necessarily implied. There is a limitation over to the children of John T. Maxwell; and it appears plainly that the testatrix intended that, at the death of John T. Maxwell, her property should go to John T. Maxwell's children.

To ascertain the intent of the testatrix, the will must be construed as a whole; and, if possible, meaning must be given to each clause, phrase and word. *Trust Co. v. Wolfe*, 245 N.C. 535, 537, 96 S.E. 2d 690, and cases cited. To construe the provisions here considered as vesting the estate in John T. Maxwell in fee simple and absolutely, it would be necessary to ignore the final dispositive provision, to wit: "At the death of my nephew, John Maxwell the property is to be inherited by his children."

Appellee contends the word "inherited" in said final dispositive provision "is a clear recognition that the fee is vested in John Maxwell, otherwise his children could not *inherit* from him." But it is not provided that "the property" is to be inherited by the children *from their father.* In her will, the testatrix is disposing of *her* estate; and the clear implication is that the children of John T. Maxwell

are to become the owners and entitled to the possession of *her* property upon the death of their father.

The said final provision, to effectuate the manifest intent of the testatrix, must be construed a *dispositive* provision of her will. It may not be reasonably considered a mere superfluous comment that if perchance John T. Maxwell, at his death, intestate, should own any part of the estate that passed to him under his aunt's will, his children, under the law, would be entitled thereto as his heirs and distributees.

True, the word "inherit," in its technical sense, connotes only the passing of real property by descent. Obviously, the testatrix used the words, "to be inherited," in a general and nontechnical sense, that is, to manifest her intention that, at the death of John T. Maxwell, her property was to "go to" or "be received by" the children of John T. Maxwell. 43 C.J.S., p. 393; 21A Words and Phrases, Permanent Edition, pp. 21-23.

We perceive no substantial distinction between the provisions now considered and the provision construed in *Andrews v. Andrews, supra.* Appellee cites *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368, and decisions of like import. Since these were fully considered and distinguished in *Andrews,* further discussion thereof is unnecessary. (Note: *Andrews* was decided after the entry of Judge Hall's judgment.)

Our conclusion is that John T. Maxwell, the plaintiff, takes only a life estate in the real and personal property that passed to him under Mrs. McIntosh's will.

For the error indicated, the judgment is vacated; and the cause is remanded for judgment consistent with the law as stated herein.

Error and remanded.