HELEN CROWDER FINCH, PLAINTIFF v. WACHOVIA BANK & TRUST CO., N.A., INDI-
VIDUALLY AND AS TRUSTEE UNDER A TRUST ESTABLISHED BY HARRY BROWNE FINCH;
CHARLES FINCH, AND SHARON FINCH, DEFENDANTS

No. COA02-583

(Filed 4 March 2003)

**Trusts— discretionary—reasonable needs—use of trust assets
to make gifts**

The trial court did not err in a declaratory judgment action by
concluding that defendant bank abused its discretion as trustee
by asserting that it had no authority to invade the principal of
plaintiff lifetime beneficiary's trust to distribute amounts to plain-
tiff to enable her to make substantial gifts to church, charities,
and family members, but the trial court erred by ordering defend-
ant bank to exercise its discretion as trustee to determine a rea-
sonable annual amount as it deems requisite or desirable to meet
plaintiff's reasonable needs in her current station in life and to
distribute that amount to plaintiff for gifting purposes, because
enforcement of the trial court's order would impermissibly
invade the discretion established by the trust.

Appeal by defendants from judgment entered 11 December 2001
by Judge Charles C. Lamm, Jr. in Davidson County Superior Court.
Heard in the Court of Appeals 29 January 2003.

*Brinkley Walser, by Walter F. Brinkley and David E. Inabinett,
for plaintiff.*

*Hill, Evans, Duncan, Jordan & Beatty, P.L.L.C., by
R. Thompson Wright and Tommy S. Blalock, for defendant
Charles Finch.*

*Morgan, Herring, Morgan, Green, Rosenblutt & Gill, PLLC, by
John Haworth, for defendant Wachovia Bank & Trust Co.*

TYSON, Judge

## I. Background

Helen Crowder Finch, ("plaintiff") is the 83-year-olds widow of Harry Browne Finch, ("testator"). The Finches were married for 46 years and raised three children, Sharon, Charles, and Bruce. Testator died 19 January 1988 and left a will giving (1) 15% of his total estate to charity and (2) a marital trust for the benefit of plaintiff during her lifetime with the remainder to go to the children. Wachovia Bank & Trust Company was named the sole trustee of the marital trust.

Testator's testamentary intent was incorporated with minor changes into a Family Settlement Agreement, approved by the Davidson County Superior Court on 14 May 1990. This settlement was reached after plaintiff dissented from the will and Bruce filed a caveat. Neither plaintiff nor Bruce wanted their interests under the will to be held in trust.

The final distribution of the estate on 9 June 1991 resulted in the following sums being paid: $1,663,512.19 to Wachovia Bank & Trust Company, Trustee for Helen Crowder Finch, $303,084.64 to Charles Finch, $303,084.63 to Sharon Finch, and $303,084.63 to Wachovia Bank & Trust Company, Trustee for Bruce Finch. Bruce died in 1991. At Bruce's death, the assets in his trust were divided between Sharon and Charles as Bruce had no descendants.

Plaintiff's trust provided that she would receive the entire net income derived from the principal, and further provided as follows:

> If, in the judgment of the Trustee, the income payable to Helen in accordance with the provision of paragraph 3) above, supplemented by income (other than corporate gains) from other sources to her, shall not be sufficient to meet the *reasonable needs of Helen in her station in life—as to all of which the judgment of the Trustee shall be conclusive—*then, and in that event, the Trustee will be authorized to pay or apply for the benefit of Helen so much of the principal of this trust as the Trustee, *in its sole discretion*, shall from time to time deem requisite or desirable to meet the *reasonable needs* of Helen—even to the full extent of the entire principal of this Trust.

(Emphasis supplied).

Initially, Wachovia paid plaintiff $6,782.22 a month. The amount was reduced to $5,000.00 in June 1992; but the payments increased

to $5,500.00 a month in June of 1996. In June 1997, the payments increased to $6,250.00, and in June 1998, to $6,750.00 per month. All increases were made upon plaintiff's requests. These payments exceeded the net income from the principal resulting in a continuing decrease in the principal and converted the trust into a wasting trust.

In 1999, plaintiff requested another cost of living increase. In April 2000, Wachovia requested that plaintiff submit a statement of her expenses. She filed a statement of estimated annual living expenses which totaled $116,400.00 per year, or $9,700.00 per month. This estimated budget included $28,000 or 25% of her estimate to be given away each year by plaintiff to her family, church and charities.

At the time Wachovia considered the request, the net income of the trust had decreased to $31,114.00 per year, and the approximate value of the corpus was $1.257 million. During deposition testimony, Wachovia representative Lois T. Morris testified that the value of the principal had further decreased to "just under $1.1 million", a decrease of more than $500,000 in ten years. Wachovia's trust committee considered plaintiff's new request and concluded that the trust instrument did not allow for an invasion of principal to support substantial gifts by plaintiff, the income beneficiary. Wachovia stated, "[w]e do not believe [the statement] 'meet the reasonable needs of Mrs. Finch' is broad enough to allow us to distribute trust assets to her to make gifts.' " Wachovia reduced plaintiff's request by $28,000.00 and decided that plaintiff's request for funds to pay taxes and travel would be met by providing direct reimbursements after these expenses were incurred and not lump sum payments in advance. Wachovia considered plaintiff's social security income and interest income from her certificates of deposit and concluded that her additional monthly income requirements were $3,700.00. Plaintiff's income payments were decreased to that amount in August 2000.

Plaintiff made gifts to her children and grandchildren after Testator died. The gifts spanned the time period from 1990 to 2000 and totaled over $90,000.00, which plaintiff contends came mostly from her savings and other resources.

On 31 August 2000, plaintiff filed a declaratory judgment action against Wachovia and the remainder beneficiaries, Charles Finch and Sharon Finch, to interpret paragraph 5 of the Family Settlement

**FINCH v. WACHOVIA BANK & TR. CO.**

[156 N.C. App. 343 (2003)]

Agreement, Trust A, Marital Trust. Plaintiff also alleged that Wachovia had breached its fiduciary duty to plaintiff in its management of the trust, had failed to follow the "prudent investor rule" pursuant to N.C.G.S. § 36A-161, and had failed to provide sufficient income in order for plaintiff to be able to make gifts as she did prior to her husband's death. Defendant Wachovia answered and defended on the basis that it as trustee had the "sole discretion" to determine plaintiff's "reasonable needs" and that after having studied plaintiff's request, had *exercised its discretion* and fiduciary responsibilities in an *objective* manner. Defendant pled the three year statute of limitations defense to all actions prior to 31 August 2000.

Sharon Finch answered the complaint aligning herself with her mother. Charles Finch answered the complaint supporting the actions of Wachovia. Judgment was entered by the trial court on 11 December 2001, finding the making of reasonable gifts to family, church and charities to be a normal practice for persons who had attained plaintiff's "station in life" and that Wachovia abused its discretion in finding that it had no authority to invade the principal for such purpose. The trial court ordered Wachovia to exercise its discretion and "determine a reasonable annual amount" to give to plaintiff which also provided for her desire to gift. The judgment applied prospectively. Plaintiff received no reimbursement for Wachovia's prior lack of providing funds for gifts. Costs and attorneys' fees were taxed against the estate. Defendant Charles Finch brought this appeal. Defendant Wachovia filed a supporting brief and counsel for both defendants orally argued their positions.

## II. Issue

The issue is whether the trial court erred in concluding that Wachovia abused its discretion as trustee by asserting that it had no authority to invade the principal to distribute amounts to plaintiff to enable her to make substantial gifts to her church, charities, and family members and ordering Wachovia to "exercise the discretion . . . as Trustee . . . and determine a reasonable annual amount, on a percentage or other reasonable basis, as it deems requisite or desirable to meet Plaintiff's reasonable needs in her current station in life, to distribute to Plaintiff for 'gifting' purposes, be it to her church, charities of her choice or members of her family."

## III. Standard of Review

The standard of review of a judgment rendered under the declaratory judgment act is the same as in other cases. N.C. Gen. Stat.

§ 1-258. Thus, where a declaratory judgment action is heard without a jury and the trial court resolves issues of fact, the court's findings of fact are conclusive on appeal if supported by competent evidence in the record, even if there exists evidence to the contrary, and a judgment supported by such findings will be affirmed.

*Miesch v. Ocean Dunes Homeowners Assn.*, 120 N.C. App. 559, 562, 464 S.E.2d 64, 67 (1995), *disc. review denied*, 342 N.C. 657, 467 S.E.2d 717 (1996) (citing *Insurance Co. v. Allison*, 51 N.C. App. 654, 657, 277 S.E.2d 473, 475, *disc. review denied*, 303 N.C. 315, 281 S.E.2d 652 (1981)).

## IV. Abuse of Discretion

The parties argue the issue quite differently. Plaintiff contends that Wachovia abused its discretion by asserting that it did not have authority to make discretionary payments to plaintiff for gifting purposes. Defendant appeals from the trial court's conclusion that Wachovia abused its discretion as trustee by refusing to invade the principal to provide funds to plaintiff to make gifts. The trial court found that defendant Wachovia abused its discretion as trustee by contending that it had no authority to invade the corpus to allow plaintiff, as lifetime beneficiary, to make gifts. We agree with the trial court's conclusion of law that Wachovia abused its discretion by not considering plaintiff's desire to gift on the basis that the trust does not provide authority for such consideration. We vacate that portion of the order requiring Wachovia, as trustee, to consider plaintiff's gifting desires and "determine a reasonable annual amount . . . to distribute to Plaintiff for 'gifting' purposes. . . ." Enforcement of the trial court's order would impermissibly invade the discretion established by the trust.

The trustee of a discretionary trust must exercise its discretion and its judgment in considering the proper way to administer the trust. Failure to exercise judgment is one way a trustee can abuse its discretion. *Woodard v. Mordecai*, 234 N.C. 463, 471, 67 S.E.2d 639, 644 (1951) (setting forth other abuses of discretion including acting dishonestly, acting with an improper motive, failing to use judgment, or acting beyond the bounds of a reasonable judgment.) Plaintiff argues and the trial court found that Wachovia failed to exercise any judgment by asserting the position that they lacked the authority to consider plaintiff's gift requests in determining her reasonable needs. We agree.

We hold that the trial court's conclusion of law that Wachovia abused its discretion is based upon the trial court's findings of fact which are supported by competent evidence, particularly Wachovia's letter of 6 July 2000 to plaintiff. The letter states that Wachovia does "not believe [its] discretionary authority is broad enough to permit [it] to invade principal of the trust to enable Mrs. Finch to make gifts." Given the broad discretion allowed by the trust in determining plaintiff's "reasonable needs" and the lack of an express prohibition, we hold that Wachovia failed to exercise judgment and abused its discretion in failing to consider plaintiff's request.

## V.  Effect of Trial Court's Order

### A.  Net Income and Invasions into Principal

The only monies that plaintiff is entitled to as a matter of right from the trust are the net income generated from the principal. Any additional sums paid to plaintiff beyond the annual net income are solely and entirely within the trustee's discretion. The trustee's discretion to invade the corpus is further limited to making distributions from the principal only "[i]f in the *judgment of the Trustee, . . .*" the net income payable *plus plaintiff's income from other sources* is insufficient to meet "the reasonable needs of Helen in her station in life—as to all of which the *judgment of the Trustee shall be conclusive.*" (Emphasis supplied).

Courts are not inclined to and should not interfere with the discretion of the trustee. *See Woodard,* 234 N.C. at 471, 67 S.E.2d at 644. Here, the trust language gives Wachovia the sole authority to determine plaintiff's "reasonable needs" and then to determine whether an invasion of the corpus is required.

The trial court's order mandates that Wachovia determine a "reasonable annual amount" to give to plaintiff for "gifting" purposes. The order leaves that "amount" to be determined by the trustee. Although the Trustee may determine the amount as it wishes, it *must,* according to the language, "determine a reasonable annual amount . . . to distribute to Plaintiff for 'gifting' purposes . . . ." This order conflicts with the trust language which states that the Trustee's decision to determine plaintiff's "reasonable needs" shall be "conclusive". Enforcing the trial court's order would strip discretion from the trustee and replace it with the judgment of the court. Wachovia has the authority, but cannot be forced, to pay over any sums out of the corpus to satisfy the gifting desires of plaintiff.

## B. Intent of Testator

To enforce the trial court's order and substitute the court's discretion for that of the trustee would also undermine the intent of the testator and settlor of the trust. The intent of the testator is the polar star in the interpretation of wills. *Hollowell v. Hollowell*, 333 N.C. 706, 712, 430 S.E.2d 235, 240 (1993) (quoting *Clark v. Connor*, 253 N.C. 515, 520, 117 S.E.2d 465, 468 (1960)), *Pittman v. Thomas*, 307 N.C. 485, 492, 299 S.E.2d 207, 211 (1983), *Jolley v. Humphries*, 204 N.C. 672, 674, 169 S.E. 417, 418 (1933). This intent is "ascertained from the four corners of the will, considering for the purpose the will and any codicil or codiciles (sic) as constituting but one instrument." *Jolley*, 204 N.C. at 674, 169 S.E. at 418.

The will of testator leaves the majority of testator's assets in marital trust for the benefit of his wife during her lifetime, and then to his children as remaindermen. Testator clearly intended that plaintiff not receive his estate outright. The provisions of the marital trust established by will concerning the discretion of the trustee are identical to the provisions of the trust contained in the family settlement agreement. Enforcing the plain language from the four corners of the trust instrument is essential to upholding testator's intent.

The factual circumstances surrounding testator's intent are even more compelling. Testator was a member of the local Wachovia Board of Directors, and trusted Wachovia's decision-making capabilities. Wachovia, at the time of plaintiff's instant request, was concerned about further invading the trust principal, as the value of the trust corpus was approximately $1,257,000.00, and the annual net income was $31,114.00. Wachovia was concerned about plaintiff's increased health care needs and expenses as she aged. Testator's will gave 15% off the top of his estate to various charities, raising an inference that he did not intend for the remaining money in the trust to be gifted.

## VI. Conclusion

We affirm that portion of the trial court's order concluding that Wachovia abused its discretion by failing to consider plaintiff's gift requests in determining her reasonable needs. We vacate that portion of the trial court's decree ordering Wachovia to distribute an annual amount to plaintiff for gifting purposes. We remand for entry of an order consistent with this opinion, to include a provision that Wachovia has the sole discretion whether to disburse any funds from the corpus to meet plaintiff's gifting desires.

Affirmed in part, vacated in part and remanded.

Judges TIMMONS-GOODSON and LEVINSON concur.